Zbigniew S. Rozbicki, Torrington, Conn., for plaintiff.

Bruce W. Manternach, Robinson, Robinson & Cole, Hartford, Conn., for defendant.

**John W. WESTMORELAND, d/b/a Winsted Triumph**

v.

**The TRIUMPH MOTORCYCLE CORPORATION.**

**Civ. No. 15649.**

United States District Court, D. Connecticut.

April 23, 1976.

### RULING ON MOTION TO WITHDRAW ADMISSIONS

BLUMENFELD, District Judge.

On March 14, 1975, the plaintiff filed requests for admissions pursuant to Rule 36, Fed.R.Civ.P. On April 29, 1975, a pre-trial order was filed which gave the defendant two weeks in which to respond to the requests. The defendant did not, however, file its responses until March 31, 1976, almost a year later. The plaintiff immediately moved to strike the responses as untimely. That motion was granted by this court on April 5, 1976. The defendant has now moved, pursuant to Rule 36(b), Fed.R. Civ.P., for permission to withdraw the admissions which had become effective when no timely response was filed.

Rule 36(b) sets out the test to be applied by the court in deciding a motion to withdraw the admissions:

"Subject to the provisions of Rule 16 governing amendment of a pre-trial or-

·der, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits."[1]

The first half of the test is clearly satisfied since the effect of upholding the admissions would be to practically eliminate any presentation of the merits.

The question then is whether the plaintiff has carried his burden of proving prejudice. See Moosman v. Joseph P. Blitz, Inc., 358 F.2d 686 (2d Cir. 1966).

The parties have become involved in contesting the defendant's allegation that counsel agreed or at least had a mutual understanding that the requests for admission did not require an immediate reply.[2] Fortunately, it is unnecessary to determine whether there was in fact such an agreement since I hold that, even if there was not, the plaintiff has failed to prove that he would be prejudiced by allowing the defendant to withdraw its admissions.

The plaintiff has not convinced this court that he is now any less able to obtain the evidence required to prove the matters which had been admitted. After the court obtained the name of the essential witness he required, that witness was located with the assistance of the defendant, and apparently will testify at trial. In addition, this court offered the plaintiff additional time to prepare his case, an offer which he declined.

The decision to allow the defendant to withdraw its admissions is essentially an equitable one. In this case the admissions were so vital to the defendant's case that they almost amounted to a complete admission of liability. It is unlikely that the plaintiff could reasonably have believed that the defendant intended to admit liability in this contested action. And if he did rely on that assumption, this court is loathe to reward what would have been an unreasonable reliance in order to glorify technical compliance with the rules of civil procedure. Had the plaintiff been able to demonstrate an actual hardship caused by the defendant's negligence, i. e., had he shown that he was now unable to obtain vital witnesses, the result would, of course, be different.

The defendant may withdraw his admissions to the plaintiff's requests for admissions and substitute the responses which he originally filed on March 31, 1976.

SO ORDERED.

---

1. Arguably, since the pre-trial order required the defendant to respond to the admissions, the defendant must now meet the test of Rule 16, which permits modification of the pre-trial order in order "to prevent manifest injustice." Without having to decide which test places more of a burden on the moving party, I hold that both tests are satisfied in this case.

2. This alleged agreement was never put into writing. The failure to obtain a waiver of the provision in both the rule and the pre-trial order places an unfair burden on the court in that it is called upon to decide an important procedural issue solely on the credibility of counsel. It is regrettable that such a situation should occur in this district.