669 F.2d 767
 215 U.S.App.D.C. 381
 Martha Jean RAINBOLT, Appellant,
v.
Rodger Allyn JOHNSON, Individually and as a Trustee, et al.
Martha Jean RAINBOLT
v.
Rodger Allyn JOHNSON, Individually and as a Trustee, Appellant,
Phyllis Lorraine Johnson.
Martha Jean RAINBOLT
v.
Rodger Allyn JOHNSON, Individually and as a Trustee, et al.,
Phyllis Lorraine Johnson, Appellant.
 Nos. 81-1210, 81-1255 and 81-1256.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Nov. 17, 1981.
Decided Dec. 4, 1981.
 
 Appeal and Cross-Appeals from the United States District Court for the District of Columbia (D.C.Civil Action No. 79-01935).
 Louis Rabil, Washington, D. C., for Martha Jean Rainbolt, appellant in No. 81-1210 and cross-appellee in Nos. 81-1255 and 81-1256.
 Glenn C. Lewis, Washington, D. C., with whom David L. Good, Washington, D. C., was on brief, for Phyllis Lorraine Johnson, appellee in No. 81-1210 and cross-appellant in No. 81-1256.
 Before WRIGHT, Circuit Judge, McGOWAN, Senior Circuit Judge, and WILKEY, Circuit Judge.
 Opinion for the court filed by Circuit Judge J. SKELLY WRIGHT.
 J. SKELLY WRIGHT, Circuit Judge:
 
 
 1
 These cases raise issues under Rule 36 of the Federal Rules of Civil Procedure that have not previously been addressed by this Court.
 
 
 2
 Appellant Martha Jean Rainbolt, the beneficiary of two trusts, brought suit against appellees Rodger Allyn Johnson, the trustee, and Phyllis Lorraine Johnson, the trustee's wife, alleging breach of trust and conspiracy between the two co-defendants to use the trust funds for their own benefit. The District Court referred the matter to an Auditor-Master. During pretrial proceedings appellant served a number of requests for admissions on both appellees. Appendix (App.) 36-37. Appellees did not respond to these requests within 30 days or at any subsequent time prior to the trial. After completion of the trial, appellee Phyllis Lorraine Johnson moved to withdraw the admissions; the District Court denied the motion. App. 110. Subsequently the Auditor-Master rendered a report to the District Court containing proposed findings of fact, conclusions of law, and recommendations. App. 113-129. In an order issued on January 13, 1981 the District Court confirmed the Master's report and entered judgment in favor of appellant in the amount of $175,391.68. App. 153-154. Appellant seeks reversal of the District Court's judgment on the ground that the court failed to give binding effect to the admissions. Cross-appellant Phyllis Johnson appeals the District Court's denial of her motion to withdraw the admissions. We vacate the judgment and remand to the District Court for disposition in accordance with this opinion.
 
 
 3
 The District Court erred in failing to give binding and conclusive effect to the unanswered requests for admissions. Rule 36 of the Federal Rules of Civil Procedure, as revised in 1970, expressly provides that requests for admissions are automatically deemed admitted if not answered within 30 days, and that the matters therein are "conclusively established" unless the court on motion permits withdrawal or amendment of the admissions. The rule is designed to expedite litigation, and it permits the party securing admissions to rely on their binding effect. See Advisory Committee Notes, Proposed Amendments to the Federal Rules of Civil Procedure, 48 F.R.D. 487, 534 (1970) (Rule 36); see, e.g., Luick v. Graybar Electric Co., 473 F.2d 1360, 1362 (8th Cir. 1973); Jackson v. Riley Stoker Corp., 57 F.R.D. 120, 121 (E.D.Pa.1972).
 
 
 4
 In this case the defendants did not respond to the plaintiff's requests for admissions within the 30-day period, nor did they respond to any of plaintiff's other requests for discovery, and plaintiff relied on the deemed admissions. Defendant Phyllis Johnson did not move to withdraw the admissions until after completion of the hearing before the Auditor-Master. At that point, because plaintiff would have been seriously prejudiced by withdrawal of the admissions, the District Court properly denied the motion.
 
 
 5
 None of the post-1970 cases cited by defendant/cross-appellant Phyllis Johnson support withdrawal of deemed admissions after the conclusion of the trial. See Warren v. Internat'l Brotherhood of Teamsters, 544 F.2d 334, 338-340 (8th Cir. 1976) (motion during trial granted; finding that party securing admissions was not thereby prejudiced); Westmoreland v. Triumph Motorcycle Corp., 71 F.R.D. 192 (D.Conn.1976) (pretrial motion granted; testimony on issue would be available at trial). See also Scarlett v. Seaboard Coast Line R. Co., 23 F.R.Serv.2d 596 (S.D.Ga.1976) (pretrial motion granted; no prejudicial reliance by party securing admissions); Weva Oil Corp. v. Belco Petroleum Corp., 68 F.R.D. 663, 666-667 (N.D.W.Va.1975) (motion at oral argument on summary judgment motion denied; withdrawal would impose heavy burdens on party securing admissions). According to a leading commentator, "Obviously the party should not wait until trial to seek relief from an admission." 4A J. Moore, Federal Practice P 36.08 at 36-79 n.9 (1981).
 
 
 6
 In this case, despite the District Court's order denying the motion to withdraw, the Auditor-Master did not treat the admissions as "conclusively established." Instead, the Auditor-Master accepted some of the admitted facts and rejected others in the light of all of the evidence. See App. 92. The Master did not give binding effect to Admissions 9, 12, 13, and 22, see App. 36-37, which together established that defendants received in excess of $900,000.00 from the trust account and from the profits of businesses and real estate acquired by misappropriating trust assets. Instead, the Master recommended that plaintiff be awarded judgment in the amount of $175,391.68, a figure reached by calculating the hypothetical value of the original trust corpus plus appreciation, dividends, and interest, and then adding the total amount of unexplained deposits into the trust bank account. The District Court affirmed the Master's recommendation. App. 153-154.
 
 
 7
 We reverse with instructions to the District Court to enter partial summary judgment for plaintiff-appellant in the amount of $900,000.00. We vacate the District Court's previous judgment for plaintiff in the amount of $175,391.68 and remand for determination of the extent to which this amount duplicates the relief ordered by this court. Except to the extent that the previous judgment represents funds found by the court to have been obtained from the two businesses, the award should be reinstated by the District Court. In addition, the District Court is instructed to appoint a new trustee, and also a new Auditor-Master, who shall conduct a full accounting of the profits and gains from Collins Electronics, Inc., Planners Engineering Corporation, and all other assets acquired in whole or in part by investing trust funds. Under established principles of trust law, if the former trustee has not kept adequate accounts, the benefit of the doubt is to be given to the beneficiary. See G. Bogert, the Law of Trusts and Trustees § 962 (1962). Once the accounting is completed, the District Court shall provide such additional relief for plaintiff-appellant as may be appropriate. The beneficiary is entitled to place a constructive trust on property that can be traced directly or indirectly to the trust, or to obtain judgment against the trustee's personal assets for profits or gains obtained through use of the trust's assets.
 
 
 8
 In addition, we reverse the District Court's denial of punitive damages and remand for reconsideration in light of all the evidence. Punitive damages are appropriate if the defendant acted with gross fraud, wantonness, maliciousness, or willful disregard of the plaintiff's rights. Riggs Nat'l Bank v. Price, 359 A.2d 25, 28 (D.C.1976). The Master found that the defendants had acted "maliciously, fraudulently and with willful disregard of the plaintiff's rights." App. 127. Although the findings of the trier of fact with regard to punitive damages are entitled to deference on appeal, such deference is grounded on the factfinder's opportunity to assess credibility and intent. See Harris v. Wagshal, 343 A.2d 283, 288 (D.C.1975). In this case the District Court made no findings and gave no reasons for its denial of punitive damages. We therefore remand for reconsideration.
 
 Judgment accordingly.JUDGMENT
 
 9
 PER CURIAM.
 
 
 10
 These causes came on to be heard on the record on appeal and cross-appeals from the United States District Court for the District of Columbia and were briefed and argued by counsel.
 
 
 11
 For the reasons stated in the opinion for the court filed this day,
 
 
 12
 It is ORDERED and ADJUDGED by this court that this case is remanded to the District Court with instructions to render a partial summary judgment for appellant Rainbolt in the amount of $900,000.00, and that the judgment of the District Court in favor of appellant Rainbolt in the amount of $175,391.68 is vacated and remanded for reconsideration.*
 
 
 13
 It is FURTHER ORDERED and ADJUDGED by this court that the judgment of the District Court denying punitive damages to appellant Rainbolt is vacated and remanded for reconsideration.
 
 
 14
 It is FURTHER ORDERED and ADJUDGED by this court that the District Court shall appoint a new trustee for the two trusts, and shall appoint a new Auditor-Master, who shall conduct a full accounting of the trust assets and of the profits and gains obtained by defendants from the investment of trust assets in businesses, real estate, and other property.
 
 
 15
 It is FURTHER ORDERED and ADJUDGED by this court that the District Court shall take such measures to protect the corpus of the trusts, to impose a constructive trust on any traced property in the hands of the defendants and appropriate third parties, and to levy against the personal assets of the defendants, as may be necessary to protect the interests of appellant Rainbolt.
 
 
 16
 It is FURTHER ORDERED and ADJUDGED by this court that on remand the District Court and the new Auditor-Master shall give full effect to appellant Rainbolt's requests for admissions, which were automatically deemed admitted because they were not answered within thirty days.
 
 
 
 *
 Upon completion of the accounting, the District Court will be able to determine whether the previous judgment of $175,391.68 duplicates the relief provided by the summary judgment award of $900,000.00 which is ordered by this court. Except to the extent that the previous judgment represents funds found by the District Court to have been derived from the profits of the two businesses, it should be reinstated by the District Court