**Louis RABIL, Plaintiff,**

v.

**Brian L. SWAFFORD, Defendant.**

**Civ. A. No. 88–2511 SSH.**

United States District Court,
District of Columbia.

Oct. 23, 1989.

William R. Voltz, Louis Rabil, Washington, D.C., for plaintiff.

Jeremy Flachs, Washington, D.C., for defendant.

MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

This matter now is before the Court on defendant's motion to amend or withdraw admissions, plaintiff's opposition, and plaintiff's motion for summary judgment, defendant's opposition, and plaintiff's reply.

In this case, plaintiff alleges that he rendered substantial legal services at defendant's request and approval in a case in Pennsylvania. Plaintiff claims he was one of several attorneys working on the case for defendant. He presents evidence that he was working in conjunction with Weld, another attorney who appears to have had a contractual agreement with plaintiff on the case.[1] Plaintiff claims that after the legal matter in question had proceeded to a successful (but tentative) settlement, defendant terminated the relationship and willfully failed to pay plaintiff's legal fees in breach of their agreement. Plaintiff wants $35,000, which he claims is "the fair and reasonable value of the services rendered by the plaintiff to the defendant." Defendant admits that plaintiff was involved in "allegedly defending him" in a lawsuit in Pennsylvania, but advances several defenses.

On December 8, 1988, plaintiff filed a request for admissions from defendant. Defendant failed to respond in the allotted 30 days, and, on January 17, 1989, plaintiff filed a motion for summary judgment. Twelve days delinquent, on January 19, 1989, defendant filed a response to the request for admissions. Later, on February 27, 1989, defendant filed a motion to amend and/or withdraw his responses to admissions to conform to responses filed on January 19, 1989. Subsequently, an opposition to the motion was filed by plaintiff on March 10, 1989.

■ Resolution of the motion involves an examination of Rule 36 of the Federal Rules of Civil Procedure, which governs the amendment and withdrawal of admissions, the subsequent case law concerning

---

1. One of the issues in this case is whether plaintiff had an independent arrangement with defendant or was simply aiding Weld in his preparation of the case.

the rule, and examination of the particular facts presented in this case. Rule 36(a) reads in part: "[t]he matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow...." Rule 36(b) sets forth the test to be used by the Court to decide a motion to amend or withdraw the admissions once the time allowance has expired:

> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

The rule functions to narrow the concentration of the litigation by "facilitating proof with respect to issues that cannot be eliminated from the case." *Equal Employment Opportunity Commission v. Baby Products Co.*, 89 F.R.D. 129, 130 (D. Mich.1981). This serves to expedite the litigation process.

The literal meaning of the rule provides that a party who fails to file a timely response to a request for admission in effect admits the matters addressed in the request. However, relief may be obtained by motion which demonstrates that withdrawal or amendment of the admissions will both serve the presentation of the merits of the case and that the party who requested admissions will not be prejudiced by the withdrawal or amendments. Rule 16, as mentioned in Rule 36(b), sets a more restrictive standard once the case has progressed beyond the pretrial stage. Withdrawal or amendment to the admissions is allowed at or after trial only to "prevent manifest injustice." Fed.R.Civ.P. 16.

■ Since the response was filed only 12 days late and the case was within the scope of pretrial procedures, the standard to be applied by the Court is whether upholding the admissions would eliminate any presentation of the merits and if the opposing party has met its burden of showing prejudice. *Westmoreland v. Triumph Motorcycle Corp.*, 71 F.R.D. 192, 193 (D.Conn. 1976). The Court finds the first half of the test is "clearly satisfied since the effect of upholding the admissions would be to practically eliminate any presentation of the merits." *Id.* at 193. The request for admissions which defendant seeks to withdraw or amend mainly concerns Admission 6: "That you have not paid plaintiff any sum for his services rendered."; Admission 7: "That you have paid the fees of any counsel who worked on that matter for you."; and Admission 8: "That you are indebted to the plaintiff in the sum of at least $35,000.00."[2] The subject matter of these admissions all reach the merits of the case as their admission would effectively preclude the defendant's case.

The remaining half of the test is whether the plaintiff has carried his burden of proving prejudice. *Id.* at 193; *see Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686 (2d Cir.1966). The test of prejudice has been held to turn on whether the opposing party is any less able to obtain the evidence required to prove the matters which had been admitted. *Telepromter of Erie, Inc. v. City of Erie*, 567 F.Supp. 1277, 1287 (D.Pa. 1983). *See Westmoreland*, 71 F.R.D. at 193. Plaintiff has made no showing that he would be unable to produce evidence that defendant owes him the alleged $35,000 in legal fees. While defendant did not respond timely to the request for admissions, such action does not warrant the harsh result of having to admit the entire matter in dispute.

Plaintiff relies on the fact that after the 30 days had expired and before the defendant submitted his responses, plaintiff filed a motion for summary judgment. Plaintiff cites *Rainbolt v. Johnson*, 669 F.2d 767

---

**2.** Pursuant to Fed.R.Civ.P. 36(a), since plaintiff failed to respond in a timely manner to the request for admissions, the matters are deemed admitted.

(D.C.Cir.1981), in support of his supposition that unanswered requests for admission cannot be disputed or contested on a motion for summary judgment by affidavit, deposition, or otherwise. However, while a failure to respond to a request for admissions allows a court to enter summary judgment, the Court is not required to do so where the opposing party has not been unduly prejudiced. *See, e.g., Moosman,* 358 F.2d at 688. *Teleprompter,* 567 F.Supp. at 1287. Furthermore, the Court finds that *Rainbolt* does not apply to this case as it stands for the proposition that there is no support of the withdrawal of deemed admissions after the conclusion of a trial as it would result in prejudice to the opposing party. *Rainbolt,* 669 F.2d at 769; *compare Warren v. Int'l Bhd. of Teamsters,* 544 F.2d 334, 338–40 (8th Cir.1976) (motion during trial granted on the finding that the opposing party was unable to show prejudice since the matters deemed admitted were identical to allegations in complaint, and had been timely denied in the answer and were to be contested at trial); *Westmoreland,* 71 F.R.D. 192 (pretrial motion granted because denial of motion would effectively eliminate the presentation of the merits of the case). Indeed, considering that there was no intentional bad faith in the delay of the response, the request for amendment and withdrawal would even pass the stricter test of "preventing manifest injustice."

Thus, the Court concludes that (1) denying defendant's motion would totally preclude him from presenting his case in chief; and (2) although plaintiff has filed a motion for summary judgment, he would not be unduly burdened by allowing the admissions to conform with the response filed January 19, 1989, and allowing plaintiff to refile his motion for summary judgment based on the actual facts of the case.

The Court acknowledges that by allowing defendant to amend his admissions, plaintiff's motion for summary judgment is affected. Therefore, the Court denies plaintiff's motion for summary judgment without prejudice, so that plaintiff may, if he so elects, refile his motion at a later date based on defendant's amended admissions.

Accordingly, defendant's motion to amend is granted, and plaintiff's motion for summary judgment is denied.