Kari DAVIS, Plaintiff,

v.

Barbara NOUFAL

and

Michel Noufal, Defendants.

Civ. A. No. 92–177 SSH.

United States District Court,
District of Columbia.

May 18, 1992.

Eric Rome, Eisen & Rome, Washington, D.C., for plaintiff.

Michael A. Fracassi, Washington, D.C., for defendants.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

Before the Court are defendants' motion for summary judgment and plaintiff's motion to withdraw admissions. On consideration of the entire record, the Court denies defendants' motion without prejudice and grants plaintiff's motion. The Court awards defendants the costs of filing the motion for summary judgment, pursuant to Fed.R.Civ.P. 37(a)(4).

This is an action for wrongful eviction, attempted false arrest, and intentional infliction of emotional distress. Plaintiff alleges that defendants are the owners of the premises at 1259 Wisconsin Avenue, N.W. #3, and that she is the tenant of the premises. Plaintiff contends that defendants removed her property from the premises and changed the locks on November 18,

1991.[1] She further alleges that, after November 18, defendants turned off her gas and electric service and repeatedly called the police "telling them that plaintiff was burglarizing the property."

Defendants removed this action from the Superior Court of the District of Columbia on January 21, 1992. On the same date, defendants' counsel served a request for admissions on plaintiff's counsel. Defendants sought admissions that virtually every factual allegation in the complaint was false. After plaintiff failed to respond to the request within 30 days, defendants moved for summary judgment. Plaintiff filed a motion to withdraw the admissions and a response to defendants' request for admissions on March 13, 1992. Plaintiff filed an amended response to the request for admissions on March 26, 1992.

Rule 36 permits a party to serve a written request for admissions on any other party. Fed.R.Civ.P. 36(a). Unless the party responds to the request in writing within 30 days the matter is deemed admitted. *Id.* The court may permit a party to withdraw or amend a matter admitted pursuant to Rule 36, "when the preservation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Fed.R.Civ.P. 36(b).

■ Allowing plaintiff to withdraw the admissions as requested will serve the resolution of the merits of plaintiff's claims. Defendants' requested admissions negated all of plaintiff's allegations. Therefore, allowing the admissions to stand would block any consideration of the merits. In addition, defendants will not face undue prejudice in maintaining their position in this action. Defendants contend that the expense and effort of defending the merits of plaintiff's claim is prejudicial, particularly in light of their pending motion for summary judgment. However, the burden of addressing the merits does not establish prejudice under Rule 36(b). *See Rabil v. Swafford*, 128 F.R.D. 1 (D.D.C. 1989). At this stage of the litigation, defendants cannot contend that they have relied to their detriment on the requested admissions. Although defendants did file a motion for summary judgment, that fact does not establish the requisite level of prejudice. *See id.* Accordingly, the Court grants plaintiff's motion to withdraw admissions.

Defendants' motion for summary judgment was premised on the requested admissions. Therefore, the Court denies defendants' motion without prejudice to their right to file another motion challenging the sufficiency of plaintiff's evidence in support of her claims.

■ Defendants have requested that the Court award the costs of their motion for summary judgment and their opposition to plaintiff's motion to withdraw as a sanction for plaintiff's failure to respond to their request for admissions in a timely fashion. Rule 37 provides sanctions for failure to make or cooperate in discovery. *See* Fed.R.Civ.P. 37. When a party has failed to respond to a discovery request, Rule 37 permits the court to award the costs associated with filing a motion to compel, "unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(4). Plaintiff argues that she is not subject to such sanctions because defendants did not file a motion to compel.[2] Although a motion to compel would have preserved defen-

---

1. Plaintiff apparently regained entrance to the premises on the same date.

2. The Court notes that Rule 37 also provides a specific sanction for failing to admit a matter that is subsequently proven. "[T]he requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees." *Id.* Rule 37(c).

That provision arguably applies to plaintiff's failure to respond to defendants' request for admissions. Plaintiff initially did not admit any of the matters set out in the request and, prompted by defendants' motion for summary judgment, she subsequently admitted many of the matters. Thus, plaintiff should bear the additional cost to defendants of establishing those matters through her admissions.

dants' right to costs more clearly, defendants' motion for summary judgment had the effect of a motion to compel. Plaintiff has not set forth circumstances justifying the failure to respond to defendants' request for admissions. Accordingly, the Court concludes that defendant is entitled to the costs of preparing the motion for summary judgment under Rule 37(a)(4).

Finally, the Court *sua sponte* raises Rule 11. Rule 11 requires counsel for a party to sign every pleading or motion. The signature certifies

> that the signer has read the pleading motion or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law ... and that it is not interposed for any improper purpose, such as to cause unnecessary delay or needless increase in the cost of litigation.

Fed.R.Civ.P. 11. The court may impose a sanction *sua sponte* if a pleading is signed in violation of Rule 11. *Id.* The sanction may include "an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee." *Id.*

The complaint, which bears plaintiff's counsel's signature, alleges that defendants cut off plaintiff's gas and electricity. Plaintiff's affidavit, which was submitted in support of a motion for a temporary restraining order, reasserts the allegation that defendants terminated her gas and electric service.[3] Plaintiff's signature appears on the affidavit. In the amended response to defendants' request for admissions, plaintiff admits that she was responsible for maintaining the gas and electric service, that she failed to pay for the services, and that the services were terminated because of her failure to pay. Thus, plaintiff admits that the allegations of her complaint and her affidavit were untrue. There is no excusable basis for the false

allegations because they concern facts peculiarly within plaintiff's knowledge. Counsel for plaintiff could easily have determined the truth of the matter by inquiring of plaintiff whether the facts asserted in the complaint were true. It appears, therefore, that plaintiff and her counsel both signed pleadings in violation of Rule 11. The Court will not impose sanctions at this juncture. However, plaintiff and her counsel are on notice that the Court will impose such sanctions if warranted in the future.

Accordingly, it hereby is

ORDERED, that plaintiff's motion to withdraw admissions is granted. It hereby further is

ORDERED, that defendants' motion for summary judgment is denied without prejudice. It hereby further is

ORDERED, that plaintiff shall pay the costs, including reasonable attorney's fees, associated with defendants' motion for summary judgment, pursuant to Fed. R.Civ.P. 37(a)(4).

SO ORDERED.

---

**3.** Plaintiff's affidavit states that defendants "informed PEPCO that I was not a lawful occupant of the premises, and PEPCO has therefore denied me electric service absent a large security deposit." It further states that defendants cut off her gas service.