Devens v. Stern                          CV-93-66-SD    11/06/95

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

James W. Devens

        v.                                          Civil No. 93-66-SD

Barry Stern, M.D.


                          O R D E R


        Pro se plaintiff James W. Devens filed this action, brought

under 42 U.S.C. § 1983, against defendant Barry Stern, M.D.,

asserting that Dr. Stern violated his Eighth Amendment rights by

failing or refusing to provide needed medical treatment.

        Presently before the court are (1) plaintiff's motion for

summary judgment; (2) plaintiff's motion for an extension of time

to file pretrial material; and (3) motion of defendants H. Roger

Hansen, M.D., and John N. Walter, Jr., M.D., for immediate entry

of final judgment pursuant to Rule 54(b), Fed. R. Civ. P.

Objections have been filed to each of the above motions.


                          Discussion

1.  Summary Judgment Standard

        Summary judgment shall be ordered when "there is no genuine

issue as to any material fact and . . . the moving party is

entitled to a judgment as a matter of law."  Rule 56(c), Fed. R.

Civ. P.  Since the purpose of summary judgment is issue finding, not issue determination, the court's function at this stage "'is not [] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'"  Stone & Michaud Ins., Inc. v. Bank Five for Savings, 785 F. Supp. 1065, 1068 (D.N.H. 1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).  Although "motions for summary judgment must be decided on the record as it stands, not on litigants' visions of what the facts might some day reveal," Maldonado-Denis v. Castillo-Rodriquez, 23 F.3d 576, 581 (1st Cir. 1994), the entire record will be scrutinized in the light most favorable to the nonmovant, with all reasonable inferences indulged in that party's favor, Smith v. Stratus Computer, Inc., 40 F.3d 11, 12 (1st Cir. 1994), cert. denied, ___ U.S. ___, 115 S. Ct. 1958 (1995); see also Woods v. Friction Materials, Inc., 30 F.3d 255, 259 (1st Cir. 1994); Maldonado-Denis, supra, 23 F.3d at 581.

"In general . . . a party seeking summary judgment [is required to] make a preliminary showing that no genuine issue of material fact exists.  Once the movant has made this showing, the nonmovant must contradict the showing by pointing to specific facts demonstrating that there is, indeed, a trialworthy issue."  National Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735

2

(1st Cir. 1995) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986)), <u>cert. denied</u>, ___ U.S. ___, 115 S. Ct. 2247 (1995).

> A "genuine" issue is one that properly can be resolved only by a finder of fact because it may reasonably be resolved in favor of either party. <u>Maldonado-Denis</u>, 23 F.3d at 581. In other words, a genuine issue exists "if there is 'sufficient evidence supporting the claimed factual dispute' to require a choice between 'the parties' differing versions of the truth at trial.'" <u>Id.</u> (quoting <u>Garside [v. Osco Drug, Inc.,</u>] 895 F.2d [46,] 48 [1st Cir. 1990)]. A "material" issue is one that might affect the outcome of the suit under the governing law. <u>Anderson v. Liberty Lobby, Inc.,</u> 477 U.S. 242, 248 (1986).

<u>Libertad v. Welch</u>, 53 F.3d 428, 435 (1st Cir. 1995).

Although summary judgment is inappropriate when a trialworthy issue is raised, "[t]rialworthiness necessitates 'more than simply show[ing] that there is some metaphysical doubt as to the material facts.'" <u>National Amusements</u>, <u>supra</u>, 43 F.3d at 735 (quoting <u>Matsushida Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986)) (alteration in <u>National Amusements</u>). Thus, "'[t]he evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve . . . .'" <u>Id.</u> (quoting <u>Mack v. Great Atl. & Pac. Tea Co.</u>, 871 F.2d 179, 181 (1st Cir. 1989)). Accordingly, "purely conclusory allegations . . . rank speculation . . . [or] improbable inferences" may be properly

3

discredited by the court, id. (citing Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)), and "'are insufficient to raise a genuine issue of material fact,'" Horta v. Sullivan, 4 F.3d 2, 8 (1st Cir. 1993) (quoting August v. Offices Unlimited, Inc., 981 F.2d 576, 580 (1st Cir. 1992)).

## 2. Plaintiff's Motion for Summary Judgment (document 61)

Plaintiff's so-called motion for summary judgment seeks the production of certain documents; namely, a copy of his Cheshire County House of Correction file which defendant obtained by medium of subpoena duces tecum. Although defendant had received said documents on May 5, 1995, plaintiff was not provided a copy of same until he filed the instant motion for summary judgment. See Affidavit of Christine J. Coleman ¶¶ 3-6 (attached to defendant's objection). Insofar as it appears from the evidence before the court that plaintiff is presently in possession of the requested documents, plaintiff's motion for summary judgment on this issue is herewith denied.

## 3. Plaintiff's Motion for Extension of Time to File Evidence for Pretrial Hearing (document 60)

Construed as a request to extend the time for filing his final pretrial statement, the court herewith grants same.

Plaintiff shall file said statement with this court not later than 4:30 p.m. on November 15, 1995.

4. Motion of Defendants Hansen and Walter for Immediate Entry of Final Judgment (document 65)

By order dated January 13, 1994, this court granted summary judgment in favor of defendants Hansen and Walter. See Order of January 13, 1994, at 4-5. Said defendants now move for immediate entry of final judgment pursuant to Rule 54(b), Fed. R. Civ. P.[1]

"Two steps must be followed in making determinations under Rule 54(b). This court must first determine that it is dealing with a 'final judgment'; that is, 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Kinnett v. Massachusetts Gas & Elec. Light Supply Co., 128 F.R.D. 22, 23 (D.N.H. 1989) (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)). Upon a finding of finality, "the court must go on to determine whether there is any just reason for delay." Id. (citing Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980)). Accord Willhauck v. Halpin,

---

[1]Said rule provides, in relevant part, "when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Rule 54(b), Fed. R. Civ. P.

5

953 F.2d 689, 701 (1st Cir. 1991) (identifying two-step analysis).

The underlying rationale for this rule "is to create an exception to the longstanding prudential policy against piecemeal appeals--and to permit district courts to determine that parties should, in certain circumstances, be exempted from the burden of awaiting the final outcome of a multi-party or multi-claim case." Willhauck, supra, 953 F.2d at 701 (citations omitted); see also Comite Pro Rescate De La Salud v. Puerto Rico Aqueduct & Sewer Auth., 888 F.2d 180, 183 (1st Cir. 1989) ("because [Rule 54(b)] is an exception that threatens potentially unnecessary, piecemeal appeals, the courts must administer it with care, reserving it for instances in which the relevant hardships, or administrative needs, are clear") (citations omitted), cert. denied, 494 U.S. 1029 (1990).

As to the issue of finality, the court notes that the summary judgment entered in this action disposes of plaintiff's claims against defendants Hansen and Walter. However, "[a]fter a determination of finality . . . [the] court must determine whether, even though the judgment is final, it is desirable for the decision to be appealed at *that* point." Consolidated Rail Corp. v. Fore River Ry. Co., 861 F.2d 322, 325 (1st Cir. 1988).

It is here that the court notes "[a]bsent exceptional

6

circumstances, the motion for final judgment will be denied."

Kinnett, supra, 128 F.R.D. at 23.

> "Indeed, the draftsmen of this Rule have made
> explicit their thought that it would serve
> only to authorize 'the exercise of
> discretionary power to afford a remedy in the
> infrequent harsh case . . . .'  It follows
> that 54(b) orders should not be entered
> routinely or as a courtesy or accommodation
> to counsel."

Id. (quoting Consolidated Rail Corp., supra, 861 F.2d at 325

(quoting Panichella v. Pennsylvania R.R. Co., 252 F.2d 452, 455

(3d Cir. 1958))).

Defendants submit various reasons in support of their motion; however, the court finds and rules that the circumstances at bar do not present the "infrequent harsh case" which requires application of Rule 54(b).

Accordingly, the motion for immediate entry of final judgment must be and it herewith is denied.

## Conclusion

For the reasons set forth herein, the court makes the following rulings: (1) plaintiff's motion for summary judgment (document 61) is denied; (2) the motion for immediate entry of final judgment filed by defendants Hansen and Walter (document 65) is denied; and (3) plaintiff's motion for extension of time to file pretrial material (document 60) is granted.  Plaintiff

7

shall file his pretrial statement with the clerk's office by 4:30 p.m. on November 15, 1995.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

November 6, 1995

cc:   James W. Devens, pro se
      John A. Lassey, Esq.