## Guadalupe P. **Manglona**, Plaintiff/Appellee,

### v.

## Margarita R. **Tenorio**, Defendant/Appellant, Theodore R. Mitchell, Real Party in Interest.

1993." 2 CMC § 4982(c).

[31] *See Griffith v. Kentucky*, 479 U.S. 314, 321 n.6, 107 S. Ct. 708, 712 n.6, 93 L. Ed. 2d. 649, 657 n.6 (1987).

Appeal No. 94-045
Civil Action No. 93-1061
Order Denying Rehearing
January 3, 1996

Submitted on Briefs September 8, 1995

Counsel for real party in interest: Theodore R. Mitchell (pro se) & Jeanne H. Rayphand, Saipan.

Counsel for appellee: David A. Wiseman, Saipan.

BEFORE: VILLAGOMEZ and ATALIG, Justices, and CRUZ, Special Judge.

PER CURIAM:

The appellant/real party in interest, Theodore R. Mitchell ("Mitchell"), has filed a motion for reconsideration[1] stating that "[i]f the trial court can do what it did here, then it can sanction lawyers, willy-nilly, *for failing to meet a deadline,* any deadline!" We have reviewed our opinion and are not persuaded that this is what it says or what it means.

The motion for reconsideration addresses only the issue of whether the trial court had a substantive legal basis for awarding the appellee attorney's fees and costs in relation to the bringing of the summary judgment motion. Our discussion will be correspondingly limited.

■ This case was commenced as a simple collection action pertaining to an alleged $250,000 loan. The plaintiff/appellee, Guadalupe P. Manglona ("Manglona"), served the defendant, Margarita R. Tenorio ("Tenorio"), with a request for admissions ("request") pursuant to Com. R. Civ. P. 36. The statements sought to be admitted were simply that Tenorio received from Manglona a $250,000 loan, which had not been paid, and that

[1] Com. R. App. P. 40 provides for a petition for rehearing. We will consider this motion for reconsideration as the same.

a demand for payment had been made. Tenorio had forty-five days in which either to admit or deny the statements.

After the forty-five days had passed and no response was filed, the statements were deemed admitted pursuant to Com. R. Civ. P. 36. As a result of the admissions, all issues of fact were eliminated and Manglona became entitled to judgment as a matter of law.

Manglona filed her motion for summary judgment and served it on Tenorio. In response, Tenorio filed a late response to the request. She also filed an opposition to the motion for summary judgment.

Technically, the trial court could have granted the motion for summary judgment and declared that the $250,000 was due and owing to Manglona. That would have ended the case. However, because the amount involved was substantial, and Tenorio had belatedly denied that there was a loan, the trial court, in the exercise of its equitable power, denied the motion for summary judgment and granted Tenorio an extension of time in which to respond to the request.

Although the trial court noted that "equity dictates that the Defendant's motion to amend the admission be granted," it also found that Manglona was "injured to the extent that she incurred attorney's fees and costs in bringing the summary judgment motion."[2] It then referred to its authority to "award reasonable expenses to compensate a party who unsuccessfully seeks to secure admissions due to untimely response by [the] admitting party."[3] The authority to grant such an award is provided by Com. R. Civ. P. 37(a)(4).[4]

The trial court, without expressly saying so, analogized the motion for summary judgment to a motion to compel discovery under Com. R. Civ. P. 37(a). The court proceeded to award Manglona attorney's fees and costs. The award had to have been made pursuant to Com. R. Civ. P. 37(a)(4).[5] Although Tenorio initially

did not respond to any of the matters set out in the request, she did, subsequent to the motion for summary judgment, make a response admitting some of the matters and denying others. Consequently, under Com. R. Civ. P. 37(a)(4), Tenorio should bear Manglona's additional cost of essentially compelling, by filing the motion for summary judgment, a response to the request.

The trial court did not sanction Mitchell, "willynilly," for failing to meet a deadline. Instead, it awarded Manglona fees and costs for filing a motion which she would not have filed had Tenorio responded timely to the request. Nor is the award of fees and costs in the case "as illegitimate as it is unprecedented," as Mitchell contends, citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). See *Davis v. Noufal*, 142 F.R.D. 258, 258 (D.D.C. 1992):

> Before the Court are defendants' motion for summary judgment and plaintiff's motion to withdraw admissions. On consideration of the entire record, the Court denies defendants' motion without prejudice and grants plaintiff's motion. The Court awards defendants the costs of filing the motion for summary judgment, pursuant to Fed. R. Civ. P. 37(a)(4).

The motion for rehearing is hereby **DENIED**.

---

[2] *Manglona v. Tenorio*, Civ. No. 93-1061 (N.M.I. Super. Ct. Mar. 31, 1994) (Order Granting Defendant's Motion for Withdrawal of Admissions and Denying Plaintiff's Motion for Summary Judgment at 7).

[3] *Id.*

[4] *See Davis v. Noufal*, 142 F.R.D. 258, 259 n.2 (D.D.C. 1992), for a suggestion that Fed. R. Civ. P. 37(c) may arguably be applicable to factual situations such as in this case.

[5] Had the trial court found that Mitchell's failure to respond to the request was willful, reckless or based on bad faith, it could have imposed a sanction pursuant to its inherent powers. *See Sonoda v. Villagomez*, 3 N.M.I. 535, 541 (1993). However, no such finding was made.