8

Essie J. BAKER, Plaintiff,

v.

John E. POTTER, Postmaster General,
United States Postal Service,
Defendant.

Civ.A. No. 00–0786 (RMU).

United States District Court,
District of Columbia.

Dec. 10, 2002.

Anthony L. Michaels, Beveridge & Diamond, P.C., Washington, DC, for plaintiff.

Laurie J. Weinstein, Office of the United States Attorney, Washington, DC, for defendant.

## *MEMORANDUM OPINION*

URBINA, District Judge.

### DENYING THE DEFENDANT'S MOTION FOR LEAVE TO WITHDRAW ADMISSIONS AND SUBSTITUTE LATE-FILED RESPONSE

## I. INTRODUCTION

This case presents the classic situation in which the application of a rule of federal civil procedure will have a substantive impact on the underlying litigation. John E. Potter,[1] named in his official capacity as Postmaster General of the United States Postal Service ("the defendant" or "Postal Service"), asks the court for leave to withdraw matters that, by operation of Rule 36 of the Federal Rules of Civil Procedure, are deemed admitted for purposes of the underlying discrimination claim, including the defendant's pending motion for summary judgment. Essie J. Baker ("the plaintiff"), a Postal Service letter carrier, urges the court to deny the defendant's motion and allow the admissions to stand. For the reasons that follow, the court denies the defendant's motion.

## II. BACKGROUND

Initially filed as two complaints but now consolidated into one, the case before the court involves two separate actions taken by the Postal Service that the plaintiff believes were discriminatory. Specifically, she alleges that the defendant twice violated federal antidiscrimination law: first, by altering her employment status from carrier to clerk, and second, by denying her a promotion to the position of Acting Supervisor. Compl. (00–0786) at 1–2; Compl. (00–1104) at 1; Pl.'s Opp'n to Def.'s Mot. for Summ. J. ("Opp'n") at 1.

---

1. Although the complaint names William J. Henderson as the defendant in this action, pursuant to Federal Rule of Civil Procedure 25(d)(1), John E. Potter substitutes as the proper defendant. FED R. CIV. P. 25(d)(1). When a public officer is a party to an action in his official capacity and during its pendency ceases to hold office, the officer's successor is automatically substituted as a party. *Id.*

The first action stems from a wrist injury sustained by the plaintiff in 1995 while she was delivering mail. Opp'n at 14. After a period of recuperation, she returned to work in 1996, signing a contract known as a Rehabilitation Job Offer that established her position as a "Modified Carrier." *Id.* Within a few months, however, she noticed that her pay stubs reflected the position of "Modified Part–Time Flexible Clerk" ("PTF Clerk"). *Id.* After requesting a copy of the contract, she discovered that her Modified Carrier title had been "whited-out" and replaced with the PTF Clerk title, a change that the plaintiff alleges amounted to a demotion. *Id.* at 14–15; Compl. (00–0786) at 1. These events prompted the plaintiff to file an Equal Employment Opportunity ("EEO") complaint in March 1997 with the Equal Employment Opportunity Commission ("EEOC"). Opp'n at 15, Ex. 38 at 1. Her complaint alleged discrimination based on disability and retaliation for prior EEOC activity. *Id.* In September 1999, after an administrative law judge ruling, the Postal Service issued a final agency decision finding no discrimination and closing the case. *Id.* Ex. 38 at 1.

The second action arises out of a separate, long-running dispute between Ms. Baker and the Postal Service regarding her opportunity for promotion to the position of Acting Supervisor. The plaintiff states that despite her expressed interest in the position, and despite a settlement under which the defendant agreed to afford her the opportunity to serve in that position as long as her physical limitations allowed it, the Postal Service continuously refused to appoint her as an Acting Supervisor. Opp'n at 3–5, Ex. 10. In September 1992, the plaintiff filed an EEO complaint alleging discrimination based on disability, gender, and retaliation. *Id.* at 6, Ex. 22 at 3. In February 2000, after several years involving the complaint's withdrawal and reinstatement as well as multiple appeals, the EEOC issued a final decision that dismissed the plaintiff's claims. *Id.* Ex. 22 at 4.

In informing the plaintiff of their final decisions, both the Postal Service and the EEOC included a notice of right to file a civil action in federal court (a "right-to-sue" letter). *Id.* Exs. 38 at 1–2 and 22 at 5. With the letters in hand, the plaintiff [2] filed two complaints [3] in the spring of 2000. Mirroring her EEOC claims, the first complaint alleged discrimination based on disability and retaliation; the second, discrimination based on disability, gender, and retaliation. Compl. (00–0786) at 1–2; Compl. (00–1104) at 1. Although the initial complaints did not identify the statutory bases for the actions, the parties' subsequent submissions indicate that the claims are premised on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* and Sections 501 and 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 *et seq. See, e.g.,* Opp'n at 21, 31, 35.

The defendant moved to dismiss both complaints for failure to timely file the complaints, or, in the alternative, for summary judgment. Mot. to Dismiss or, in the Alternative, for Summ. J. (00–0786); Mot. to Dismiss or, in the Alternative, for Summ. J. (00–1104). After concluding that the plaintiff effectively had filed within the relevant deadlines, this court denied both motions to dismiss. Mem. Op. (00–0786) dated April 6, 2001; Mem. Op. (00–1104) dated March 27, 2001. Determining that the defendant's motions for summary judgment were premature, the court denied those motions without prejudice. *Id.*

Shortly thereafter, the court consolidated the two cases into one, and set a schedule for discovery and briefing. Order dated June 4, 2001. The final deadline for discovery was set for May 15, 2002. Order dated April 8, 2002.

On February 25, 2002, during the discovery process, the plaintiff served the defendant with 20 requests for admission pursuant to Federal Rule of Civil Procedure 36. Pl.'s

---

**2.** Initially, the plaintiff proceeded *pro se.* In the spring of 2001, however, the plaintiff moved for appointment of counsel and for leave to proceed *in forma pauperis.* The court granted both requests. Orders dated April 12, 2001 and May 15, 2001.

**3.** The two actions were docketed as Civil Action Nos. 00–0786 and 00–1104. As noted, the court subsequently consolidated the two cases into Civil Action No. 00–0786 and dismissed Civil Action No. 00–1104. Orders dated June 4, 2001 and Oct. 29, 2001.

Opp'n to Def.'s Motion for Leave to Withdraw ("Withdrawal Opp'n") at 5–6, Ex. 13; Opp'n Ex. 27. Among the requested admissions were several relating to the plaintiff's alleged disability. Opp'n Ex. 27. The defendant did not respond within the Rule's 30 day deadline. *Id.* at 23; Def.'s Mot. for Leave to Withdraw ("Withdrawal Mot.") at 1. On May 15, 2002, at the close of discovery, the defendant filed a belated response denying several of the requested admissions, including most of those pertaining to the plaintiff's alleged disability. Opp'n at 23 n. 9; Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. for Summ. J. ("Reply") at 2 n. 2, Ex. 1.

Approximately five weeks after discovery closed, the defendant filed a motion for summary judgment, alleging that the plaintiff had failed to establish a *prima facie* case of discrimination. Def.'s Mot. for Summ. J. ("Mot. for Summ. J.") at 1. As part of its argument, the Postal Service reiterated that Ms. Baker had failed to show that she was an individual with a disability.[4] *Id.* at 12–14. On July 22, 2002, the plaintiff filed an opposition indicating that because the defendant had failed to timely respond to her February 25 requests for admissions, the defendant had admitted that the plaintiff was an individual with a disability. Opp'n at 23–25, 36. On August 6, 2002, the defendant replied, repeating its view that the plaintiff was not a qualified individual with a disability, and stating that the defendant had in fact responded, albeit belatedly, to the plaintiff's requests for admissions. Reply at 2 & n. 1, 3–4. Three days later, on August 9, 2002, the defendant filed a motion for leave to withdraw all deemed admissions and substitute the defendant's May 15, 2002, response. Withdrawal Mot. at 1. The court now considers this motion.

## III. DISCUSSION

### A. Legal Standard for Withdrawal of Deemed Admissions under Rule 36

Designed to serve the "vital purpose" of reducing trial time, Federal Rule of Civil Procedure 36 seeks to define and limit the matters in controversy between the parties. FED.R.CIV.P. 36; *Foretich v. Chung,* 151 F.R.D. 3, 4 (D.D.C.1993). Under Rule 36(a), parties may serve each other with written requests for admission of matters relating to a fact or the application of law to a fact. FED.R.CIV.P. 36(a); *Davis v. Noufal,* 142 F.R.D. 258, 259 (D.D.C.1992). Matters contained in the requested admissions are automatically deemed admitted unless the party served with the requests objects within 30 days of service or within a period specified by the court or by mutual agreement of the parties. FED.R.CIV.P. 36(a); *Rainbolt v. Johnson,* 669 F.2d 767, 768 (D.C.Cir.1981). Once admitted, the matters are "conclusively established." FED.R.CIV.P. 36(b); *Rainbolt,* 669 F.2d at 768; *Anchorage–Hynning & Co. v. Moringiello,* 697 F.2d 356, 363 (D.C.Cir. 1983).

By its operation, then, Rule 36 ensures that the party securing the admissions may rely on their binding effect. *Rainbolt,* 669 F.2d at 768. This effect is intentional: if it were otherwise, the party that obtained the admission could not "safely avoid the expense of preparing to prove the very matters on which he has secured the admission, and the purpose of the rule [would be] defeated." FED.R.CIV.P. 36 advisory committee notes.

Despite these strictures, however, the rule provides for a safety valve to ensure that the action is "resolved on the merits while assuring each party that justified reliance on an admission ... will not operate to his prejudice." *Id.* Under Rule 36(b), the court

> may permit withdrawal or amendment [of the admissions] when [1] the presentation of the merits of the action will be subserved thereby and [2] the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

---

4. Although the defendant's headings use the term of art "qualified individual," its arguments are directed first at the threshold question of whether the plaintiff is an individual with a disability. *See* III.B.2, *infra.*

FED.R.CIV.P. 36(b); *Armstrong v. Executive Office of the President,* 877 F.Supp. 690, 697 n. 8 (D.D.C.1995), *rev'd on other grounds,* 90 F.3d 553 (D.C.Cir.1996); *Davis,* 142 F.R.D. at 259. Put more directly, withdrawal is permissible if a party demonstrates that withdrawal will serve the presentation of the merits without prejudicing the party who requested the admissions. *Green v. Blazer Diamond Prods. Inc.,* 1994 WL 715632, at *8 (D.D.C. Dec. 8, 1994); *Rabil v. Swafford,* 128 F.R.D. 1, 2 (D.D.C.1989).

◼ Most circuits have observed that permission to withdraw or amend deemed admissions under Rule 36(b) lies within the discretion of the court. *E.g., Armstrong,* 877 F.Supp. at 697 n. 8; *Farr Man & Co., Inc. v. M/V Rozita,* 903 F.2d 871, 876 (1st Cir.1990); *Donovan v. Carls Drug Co., Inc.,* 703 F.2d 650, 651–52 (2d Cir.1983); *United States v. Golden Acres, Inc.,* 684 F.Supp. 96, 98 (D.Del.1988); *In re Fisherman's Wharf Fillet, Inc.,* 83 F.Supp.2d 651, 661 (E.D.Va. 1999); *Am. Auto. Assoc. v. AAA Legal Clinic of Jefferson Crooke,* 930 F.2d 1117, 1119 (5th Cir.1991); *Kerry Steel, Inc. v. Paragon Indus., Inc.,* 106 F.3d 147, 154 (6th Cir.1997); *United States v. Kasuboski,* 834 F.2d 1345, 1350 n. 7 (7th Cir.1987); *Perez v. Miami–Dade County,* 297 F.3d 1255, 1265 (11th Cir. 2002). There is disagreement, however, as to the appropriate exercise of that discretion, with some courts preferring to stress Rule 36(a)'s directive to admit, and others choosing to emphasize Rule 36(b)'s permission to withdraw. *Compare, e.g., Weinberger v. Provident Life and Cas. Ins. Co.,* 1999 WL 225537, at *1 (S.D.N.Y. Apr. 19, 1999) (stating that "it is not at all clear that relief under Rule 36(b) is even available to a party ... who has inexcusably failed to comply with Rule 36(a)'s time requirements") *and In re Fisherman's Wharf Fillet,* 83 F.Supp.2d at 661 (concluding that "[c]learly, no absolute right to withdraw admissions exists" under Rule 36(b)) *with Perez,* 297 F.3d at 1265 ("stop[ping] short of holding that movants have an absolute right to have their admissions withdrawn," but stressing the importance of resolving cases on the merits under Rule 36(b)).

## B. The Court Determines That Withdrawal of the Defendant's Admissions Would Not Subserve the Presentation of the Merits

### 1. The Defendant's Admissions are Conclusively Established

◼ At the outset, it is clear that by operation of Rule 36, the matters set forth in the plaintiff's requests for admissions are now "conclusively established." FED.R.CIV.P. 36(b); *Rainbolt,* 669 F.2d at 768. The plaintiff served her requests on the defendant on February 25, 2002. Withdrawal Opp'n at 5–6, Ex. 13. The defendant did not respond until May 15, 2002, some 79 days later. *Id.* at 12. Because the defendant did not respond within 30 days after service of the requests, the matters contained in the requests are admitted. FED.R.CIV.P. 36(a). Therefore, the only question before the court is whether withdrawal of the admissions is warranted under Rule 36(b). In answering that question, the court follows the example set by other members of this court, presuming neither rejection of nor acquiescence to the withdrawal motion.

### 2. The Withdrawal of the Defendant's Admissions Would Not Subserve the Presentation of the Merits

The Postal Service argues that withdrawal will allow the presentation of the merits of the case and will not prejudice Ms. Baker. Mot. for Leave at 4; Def.'s Reply to Pl.'s Opp'n to Def.s Mot. for Leave to Withdraw ("Withdrawal Reply") at 5. With regard to the first prong of the Rule 36(b) test, the defendant contends that the issue of whether or not the plaintiff was a qualified individual with a disability during the time she was denied permission to perform as an Acting Supervisor is "central to the determination of the merits of the case." Mot. for Leave at 7. As for the second prong, the defendant argues that the plaintiff cannot claim prejudice given the already extensive discovery, the information known to the plaintiff regarding her impairments, the defendant's consistent position that the plaintiff is not an individual with a disability, and the absence of any showing that the plaintiff's reliance on the admissions kept her from obtaining relevant

evidence.[5]  Mot. for Leave at 7–8; Withdrawal Reply at 1–3.

The plaintiff reaches a different conclusion, stating that withdrawal of the admissions would not subserve the presentation of the merits, and would cause her prejudice. Withdrawal Opp'n at 14, 17.  The plaintiff argues first that the admissions would not "practically eliminate" the presentation of the merits because the admissions do not go to all of the elements of the plaintiff's disability-discrimination claim; to the contrary, the plaintiff charges that allowing withdrawal would impede the merits by changing the issues in the dispute.  *Id.* at 14–15, 17.  Second, the plaintiff contends that withdrawing the admissions three months after discovery closed constitutes prejudice because the plaintiff relied on the admissions in planning and executing her discovery strategy.  *Id.* at 17–20.  According to the plaintiff, the defendant's oft-repeated position that the plaintiff is not disabled is not relevant because the defendant never indicated that it intended to deny the admissions.  *Id.* at 20.  Moreover, the plaintiff states that the defendant's argument that the plaintiff has access to other evidence regarding her physical condition is untenable, as she had no need to pursue other evidence given the admissions.  *Id.* at 21.

In applying the first prong of the Rule 36(b) test, the court concludes that withdrawal of the admissions would not subserve the presentation of the merits of this case. Courts in this district have interpreted this prong as satisfied if the admission effectively would bar the party from presenting its case on its merits.  *Green,* 1994 WL 715632, at *9 (concluding in a product liability action that the first prong of the test was met because the defendant's admissions "would effectively bar its presentation of the case on the merits because its prime defense is that it is not the manufacturer of the blade"); *Davis,* 142 F.R.D. at 259 (finding in a wrongful eviction suit that the merits prong was met because the landlord's requested admissions "negated all of [plaintiff tenant]'s allegations"); *Rabil,* 128 F.R.D. at 2 (finding in a dispute over legal fees that "the first half of the test is clearly satisfied since the effect of upholding the admissions [acknowledging debt] would be to practically eliminate any presentation of the merits").

■  Here, one of the plaintiff's claims alleges discrimination on the basis of disability in violation of the Rehabilitation Act of 1973. Opp'n at 21.  That Act bars federal agencies from discriminating against any "otherwise qualified individual with a disability" solely by reason of her or his disability.  29 U.S.C. § 794.  To establish a *prima-facie* case of discrimination under the Act, the plaintiff must show that she (1) is an individual with a disability (2) who, with or without reasonable accommodation, can perform the essential functions of the position and (3) who suffered an adverse employment decision due to her disability.  *Id.; Breen v. Dep't of Transp.,* 282 F.3d 839, 841 (D.C.Cir.2002); *LaCorte v. O'Neill,* 139 F.Supp.2d 45, 47–48 (D.D.C. 2001) (citing *Barth v. Gelb,* 2 F.3d 1180, 1186 (D.C.Cir.1993)).

■  The defendant's admissions include a statement that "Ms. Baker was an 'individual with a disability' " during periods relevant to her Acting Supervisor claim.  Withdrawal Opp'n Ex. 13 ¶ 6. With these admissions in hand, the plaintiff need not prove the first element of her *prima facie* case.  But, as the defendant itself notes, these admissions do not mean that the plaintiff is a "qualified" individual with a disability.  29 U.S.C. § 794; *Breen,* 282 F.3d at 841; Mot. for Leave at 7.

---

**5.**  The defendant also argues that the timeliness of its withdrawal motion is significant in the court's determination of prejudice.  Mot. for Leave at 4–5.  This is true insofar as it is timing that determines which of two Rule 36(b) standards the court should apply.  If the case has not progressed beyond the pretrial stage, the court should apply the two-pronged Rule 36(b) test described above.  *Rabil v. Swafford,* 128 F.R.D. 1, 2 (D.D.C.1989).  But once the case has progressed beyond the pretrial stage, Rule 36(b) allows withdrawal or amendment "only to prevent manifest injustice."  *Id.  See also Green v. Blazer Diamond Prods. Inc.,* 1994 WL 715632, at *8 (D.D.C. Dec. 8, 1994); *Brook Vill. N. Assocs. v. Gen. Elec. Co.,* 686 F.2d 66, 71 (1st Cir.1982); *Am. Auto. Assoc. v. AAA Legal Clinic of Jefferson Crooke,* 930 F.2d 1117, 1120 (5th Cir.1991); *Hadley v. United States,* 45 F.3d 1345, 1348–49 (9th Cir.1995). Because this case has not progressed beyond the pretrial stage, the court applies the lower standard embodied by the two-pronged test.

The plaintiff still must show that she can perform the essential functions of her job with or without reasonable accommodation, and that she suffered an adverse employment decision due to her disability. Mot. for Leave at 7; Withdrawal Opp'n at 25.

Given the remaining hurdles faced by Ms. Baker, the Postal Service cannot demonstrate that the defendant's admissions effectively bar, negate, or practically eliminate its case on its merits. *Green*, 1994 WL 715632, at *9; *Davis*, 142 F.R.D. at 259; *Rabil*, 128 F.R.D. at 2. Accordingly, the court concludes that under the first prong of the Rule 36(b) test, withdrawal of the admissions would not subserve the presentation of the merits of this case. Because both prongs of the Rule 36(b) test must be met to justify withdrawal, the court need go no further.[6] FED.R.CIV.P. 36 (stating that "the court may permit withdrawal ... when the presentation of the merits of the action will be subserved thereby *and* ... withdrawal or amendment will [cause] prejudice") (emphasis added). Consequently, the defendant's motion for leave is denied.[7]

## IV.  CONCLUSION

For the foregoing reasons, the court denies the defendant's motion for leave to withdraw deemed admissions and substitute its late-filed response. Because the court's action may affect the presentation of the defendant's argument, the court grants the defendant leave to file a amended motion for summary judgment. An Order directing the parties in a fashion consistent with this Memorandum Opinion is separately and con-

temporaneously issued this ___ day of December, 2002.

closed on May 15, 2002. According to the plaintiff, withdrawing the admission would require her "to seek to compel discovery, re-notice depositions, and seek to locate, serve and depose additional parties." Withdrawal Opp'n at 10.

7. The plaintiff also moves the court to award costs and attorney's fees under Rule 37 for the plaintiff's preparation and filing of her opposition to the defendant's motion for summary judgment and as well as her opposition to the defendant's motion to withdraw its deemed admissions. Withdrawal Opp'n at 23–24. Because admission is a "severe sanction," the court denies the plaintiff's motion. *Kendrick v. Sullivan*, 1992 WL 119125, at *5 (D.D.C. May 15, 1992).

---

6. The court notes that withdrawal of the defendant's admissions arguably would prejudice the plaintiff. Prejudice "derives from the difficulty the party opposing the motion to withdraw will face as a result of the sudden need to obtain evidence to prove the matter it had previously relied upon as answered." *Green*, 1994 WL 715632, at *9 (citations omitted). Once discovery has closed, prejudice may result. *Armstrong*, 877 F.Supp. at 697 n. 8 (concluding that "allow[ing] withdrawal of these admissions now would result in prejudice because discovery would have to be reopened to allow the Plaintiffs an opportunity to obtain evidence on the matters covered in the responses"); *cf. Green*, 1994 WL 715632, at *9 (finding no prejudice because the case "has yet to go to trial and discovery has yet not been completed"). In this case, discovery