**SECURITY INSURANCE COMPANY OF HARTFORD, Plaintiff,**

v.

**TRUSTMARK INSURANCE COMPANY, Defendant.**

**No. CIV. 3:00cv1247 (PCD).**

United States District Court, D. Connecticut.

July 31, 2002.

Frank F. Coulom, Jr., Marion B. Manzo, Robinson & Cole, Hartford, CT, Mark B. Holton, Kathryn E. Nealon, David J. Grais, James L. Hallowell, Eric F. Pierson, Gibson, Dunn & Crutcher, New York City, Kathryn C. Ellsworth, Robert J. Morrow, Erick M. Sandler, Dewey Ballantine, New York City, Robert A. Izard, Jr., Schatz & Nobel, Hartford, CT, for plaintiff.

Jeffrey R. Hellman, Lawrence S. Grossman, Zeisler & Zeisler, P.C., Bridgeport, CT, James D. Ossyra, Foley & Lardner, Kristy L. Allen, David Spector, Everett J. Cygal, Ronald S. Safer, Schiff, Hardin & Waite, Chicago, IL, for defendant.

*RULINGS ON MOTION TO WITHDRAW AN ADMISSION, MOTION TO FILE AN OVERSIZE REPLY BRIEF AND MOTION TO STRIKE PORTIONS OF DEFENDANT'S REPLY BRIEF AND AFFIDAVITS*

DORSEY, District Judge.

Defendant moves to file an oversize reply brief and to withdraw an admission. Plaintiff moves to strike portions of defendant's reply brief filed in support of its motion to withdraw an admission. For the reasons set forth herein, defendant's motions are granted and plaintiff's motion is denied.

## I. BACKGROUND

Plaintiff served its request for admissions, one of which stated "The Trustmark Certificate ['Certificate'] contains no term permitting termination by Trustmark prior to expiration of the twenty-four month period." Defendant responded by "Admitt[ing] that the Trustmark Certificate has no wording at all dealing with 'termination' of the Certificate." The Certificate contained an apparently ambiguous reference to "General Conditions." Approximately nine months later, plaintiff produced a form allegedly used to create the Certificate that contained several pages referring to "General Conditions," which included, *inter alia,* a contract termination provision. Robin Elkwall and Charles Bastan, two representatives of WEB Management, LLC ("WEB"), an underwriting agency, were deposed less than two weeks after the form was produced. The form was not presented to them at their depositions..

## II. DEFENDANT'S MOTION TO FILE AN OVERSIZE REPLY BRIEF

Defendant seeks leave to file a reply brief in excess of ten pages. *See* D. CONN. L. CIV. R. 9(g). Leave is granted *nunc pro tunc* to do so.

## III. PLAINTIFF'S MOTION TO STRIKE AFFIDAVITS SUBMITTED WITH DEFENDANT'S REPLY BRIEF

Plaintiff moves to strike the affidavits of Elkwall and Bastan submitted in defendant's reply brief in support of its motion to withdraw admissions arguing that the affidavits directly contradict sworn deposition testimony. Defendant responds that the affidavits are a proper response to plaintiff's memorandum in opposition to its motion.

The substance of the affidavits is the same. Both affiants state that, as a consequence of seeing the form document containing pages entitled "General Conditions" provided to WEB by Artis, an affiliate of plaintiff, they recalled that Artis had instructed WEB to use the form language. In their prior deposition testimony, Elkwall testified that Artis had not asked WEB to prepare the Certificate and Bastan could not recall ever seeing the Certificate.

In ruling on a motion for summary judgment, "a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Hayes v. New York City Dept. of Corrections,* 84 F.3d 614, 619 (2d Cir.1996). An affidavit may be appropriate when evidence is newly discovered. *See Perma Research & Dev. Co. v. Singer Co.,* 410 F.2d 572, 579 (2d Cir.1969)(analyzing submission of affidavits pursuant to FED. R. CIV. P. 56(e)). There is little, howev-

er, to indicate that such a rule would apply to a motion to withdraw an admission.

■■■ The decision to allow a party to withdraw its admission is discretionary. *See Donovan v. Carls Drug Co., Inc.*, 703 F.2d 650, 652 (2d Cir.1983). No limitation has been imposed on evidence that may be submitted nor on the weight or credibility assessments that may be accorded the submissions. In contrast, in ruling on a motion for summary judgment a Court is not to weigh evidence or assess the credibility of witnesses. *See Hayes*, 84 F.3d at 619. The rationale for disregarding affidavits that contradict sworn testimony is therefore a consequence of this rule as otherwise as "a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony." *Id.* (internal quotation marks omitted).

Even if it were appropriate to strike affidavits filed in support of a motion to withdraw admissions, there would be sufficient reason in the present case not to do so. The fact that the affiants claim that their testimony changed as a consequence of reviewing documents after their depositions is typically an acceptable explanation for the discrepancy. *See Russell v. Acme–Evans Co.*, 51 F.3d 64, 67–68 (7th Cir.1995)("Where deposition and affidavit are in conflict, the affidavit is to be disregarded unless it is demonstrable that the statement in the deposition was mistaken, perhaps because the question was phrased in a confusing manner or because a lapse of memory is in the circumstances a plausible explanation for the discrepancy.") As such, there is no basis on which to strike the affidavits.

## IV. MOTION TO WITHDRAW AN ADMISSION

■■ Defendant argues that it erroneously responded to the request for admission in light of the later discovered form language. Plaintiff responds that the admission will not eliminate defendant's presentation of the merits and that it will be prejudiced if the admission is withdrawn. FED. R. CIV. P. 36(b) permits the withdrawal of an admission when (1) "the presentation of the merits of

the action will be subserved thereby" and (2) "the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." The prejudice contemplated by Rule 36(b) is not merely that the party obtaining the admission must, as a consequence of the withdrawal, prove the matter admitted but rather relates to difficulties the party may face in proving its case, such as the availability of key witnesses. *Sonoda v. Cabrera*, 255 F.3d 1035, 1039 (9th Cir.2001); *American Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991); *Westmoreland v. Triumph Motorcycle Corp.*, 71 F.R.D. 192, 193 (D.Conn.1976). "Although an admission should ordinarily be binding on the party who made it, there must be room in rare cases for a different result, as when an admission no longer is true because of changed circumstances or through honest error a party has made an improvident admission." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2264 (2d ed.1987).

■■ In the present circumstances, defendant argues that the subsequent discovery rendered its admission that the Certificate contains no termination provision erroneous as the form definition of "General Conditions" expressly provides for termination. Defendant need not establish that the admission, if upheld, would "eliminate presentation of the merits" as plaintiff argues. Rather, it need only shows that withdrawal would promote presentation of the merits. *See Donovan v. Carls Drug Co.*, 703 F.2d 650, 652 (2d Cir.1983). As the present issues revolve to some degree on the interpretation of the Certificate language, a later discovered document that potentially explains the language of the Certificate would further presentation of the merits. Nor has plaintiff established that it would be prejudiced were this Court to grant defendant's motion other than the burden of addressing a matter previously understood to be resolved. Such does not constitute prejudice. *See Westmoreland*, 71 F.R.D. at 193.

## V. CONCLUSION

Defendant's motion to withdraw an admission (Doc. No. ____) and motion for leave to file an oversize reply brief (Doc. No. ____) are **granted**. Plaintiff's motion to strike portions of the reply brief (Doc. No. 41) is **denied**. To the extent that either party needs to conduct further discovery on the subject of the admission now withdrawn, any discovery required will be completed by August 31, 2002.

SO ORDERED.