United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10373
Conference Calendar

_____

WILLIAM G. WARNECKE,

                                        Plaintiff-Appellant,

versus

WAYNE SCOTT; ET AL.,

                                        Defendants,

D. BOLLINGER; WILHELMENIA HOWARD;
M. CHERRY; KENYON,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:01-CV-151-BG
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

    William G. Warnecke, Texas prisoner # 874942, appeals the summary-judgment dismissal of his 42 U.S.C. § 1983 civil rights lawsuit alleging denial of access to the courts.  Warnecke urges that his unanswered requests for admissions, now deemed admitted, entitle him to judgment in his favor.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Warnecke also argues that the magistrate judge erred in denying several of his pretrial motions as untimely and in granting the appellees' motion to seal their court-ordered disclosures. He has not briefed any argument connecting the denial of the pretrial motions to the dispositive summary-judgment issues, and his argument that the magistrate judge's rulings were error is irrelevant. The challenge to the motion to seal is similarly unavailing because, even if error, Warnecke has not shown any resulting prejudice given that he either already had or obtained through discovery the pertinent documents.

This court reviews a district court's grant of summary judgment de novo, applying the same standard as would the district court. See Melton v. Teachers Ins. & Annuity Ass'n of Am., 114 F.3d 557, 559 (5th Cir. 1997). Summary judgment is proper where the pleadings and summary judgment evidence present no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. See FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

As a general matter, lack of access to legal materials may constitute an unconstitutional infringement on a prisoner's right of access to the courts. See Bounds v. Smith, 430 U.S. 817, 828 (1977). However, to state a claim for denial of access, an inmate must demonstrate an actual injury as a result of the defendant's conduct. See Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998).

Warnecke renews his claim that he missed the deadline for filing his petition for discretionary review ("PDR") in his jury case because he was transferred without his legal materials. However, he makes no argument challenging the magistrate judges's conclusion that he failed to show any actual resulting injury because he had ample time and materials to enable him to file the jury-case PDR without the legal materials he left behind when he was transferred.

Warnecke's sole contention is that the deemed admissions conclusively establish that he is entitled to relief. The argument is unpersuasive. To the extent Warnecke relies on the admissions to the effect that the defendants denied him access to the courts by transferring him without legal materials, the "deemed admissions" do not establish a right to recover because they do not address any resulting injury. See Ruiz, 160 F.3d at 275. Moreover, requests for admissions are properly used for facts or facts as applied to law, not pure legal conclusions such as those proposed by Warnecke. See In re Carney, 258 F.3d 415, 418 (5th Cir. 2001); 8A Wright, Miller, & Cane, Federal Practice & Procedure, § 2255 & n.8 (2003); see also FED. R. CIV. P. 36(a).

The judgment is AFFIRMED. Warnecke's motion to strike the appellees' letter brief is DENIED.