ESTATE OF John W. BORST, Walter Young, Bradley Shepler, Linda Kerlin, Frank Grumbine and Edward Dewire, Appellants

v.

EDWARD STOVER SR. TESTAMENTARY TRUST, Appellee.

Superior Court of Pennsylvania.

Submitted Sept. 12, 2011.
Filed Oct. 19, 2011.

Robert S. Mirin, Harrisburg, for appellants.

Edward P. Seeber, Mechanicsburg, for appellee.

BEFORE: DONOHUE, LAZARUS and FITZGERALD *, JJ.

* Former Justice specially assigned to the Superior Court.

## OPINION BY DONOHUE, J.:

Appellants, Walter Young, Bradley Shepler, Linda Kerlin, Frank Grumbine, Edward Dewire, and the Estate of John W. Borst, (collectively, "Tenants"), appeal from the order entered by the Court of Common Pleas, Dauphin County, granting the request for summary judgment made by Edward Stover Sr. Testamentary Trust ("the Trust"). After careful review, we reverse and remand.[1]

The trial court summarized the relevant factual and procedural histories[2] of the case as follows:

The property at issue, previously owned by decedent, Edward Stover, Sr., and now held by [the Trust], is known as the Stoverdale Campground. Over the years, a number of individuals, including [Tenants] or purported sub-lessees, have lived on lots of the campground, paid rent as month to month tenants, and allegedly built and maintained permanent structures thereon. [The Trust], as property owner, notified [Tenants] and other occupants on September 27, 2007, that their month to month tenancies had expired, and that [Tenants] were required to vacate the premises by November 1, 2007.

[Tenants] have refused [to] leave, asserting that they have a right to continue to occupy the Stoverdale Campground lots. [Tenants] rely upon language of testamentary documents of Edward Stover Sr., which they assert entitles them to rights in the property, including a right of first refusal. They assert that, '[the Trust's] attempted eviction is at odds with, in derogation of, and in violation of the terms of the ground rent and established practices as to ground rent tenants in the Stoverdale Campground dating back more than eighty (80) years' and that '[Tenants] ... are entitled to exercise an option to purchase their lot at a fair market value or receive derivative compensation.'

[The Trust] asserts that by refusing to vacate the property, [Tenants] have unjustly and unlawfully retained posses-

---

1. We note that this case will ultimately require the trial court to interpret the testamentary Trust, which is generally a matter under the exclusive jurisdiction of the orphans' court division. *See* 20 Pa.C.S.A. § 711(2). However, we conclude that this case is properly before the trial court, as it originated as an action in ejectment brought by the Trust, and thus also includes substantial questions regarding an issue not under the exclusive jurisdiction of the orphans' court division. *See* 20 Pa.C.S.A. § 712(3) (stating that the court of common pleas may exercise jurisdiction over cases wherein substantial questions concerning matters under the exclusive jurisdiction of the orphans' court pursuant to section 711 as well as matters not included in section 711); *see also* 20 Pa.C.S.A. § 712 JOINT STATE GOVERNMENT COMMISSION COMMENT— 1976 (explaining that this rule "is intended to avoid multiple actions in different divisions in a case involving two or more questions, one of which would ordinarily be decided by the orphans' court division and the other by the trial or family division.")

2. The trial court aptly summarizes the positions of both parties, but the case has a very lengthy procedural history, with a multitude of filings, that we set forth generally here. The Trust commenced this action in the Court of Common Pleas by filing a complaint for ejectment on June 10, 2008. Tenants responded by filing preliminary objections, and the Trust filed an amended complaint. Tenants filed an answer to the amended complaint and new matter, and the Trust in turn filed a reply to the new matter and preliminary objections to Tenants' request for declaratory relief. Tenants then filed an amended answer to the amended complaint, new matter, and counterclaims. The Trust responded by filing preliminary objections to Tenants' new matter and counterclaims. Tenants filed an answer to the Trust's preliminary objections. Thereafter, Tenants filed a second amended answer to the amended complaint, new matter, and counterclaims. The Trust filed a reply to the new matter and preliminary objections to Tenants' counterclaims.

sion of the premises without right or claim of title.

\* \* \*

The testamentary language upon which [Tenants] rely provides:

ITEM VII. ... Much of my life as well as certain of the material, [sic] goods with which the Lord has blessed me have been devoted to the Stoverdale United Methodist Church as well as the camp meeting at Stoverdale. I have endeavored to carry out a promise which I made to my father in this regard. My trustees should keep this in mind at all times and particularly to my property.

ITEM X. ... I specifically direct my testamentary trustees on the following two points of concern:

A. At such time as the fee simple to the land in the Stoverdale area may be sold by the direction of the Board of Trustees, I direct that they give the first right of purchase to the person or persons occupying the particular tract in that area.

(Last Will and Testament of Edward Stover, Sr.)

On December 14, 2009, [the Trust] served [Tenants] with Requests for Admission[s] which frame the fundamental issues, namely, whether the testamentary language is precatory, expressing a wish, rather than a directive, and whether [Tenants] are land lease tenants with month to month tenancies, who have received more than thirty days [sic] notice to vacate the property.

Trial Court Opinion, 1/7/11, at 1–3 (record citations and footnote omitted).

Tenants failed to timely respond to the Requests for Admissions as is required by Pa.R.C.P. 4014(b), which were thus deemed admitted. On January 19, 2010, the Trust filed a motion for summary judgment, arguing that by virtue of Tenants' "admissions," they failed to raise any gen-

uine issue of material fact as to why they should not be evicted from the property. On March 17, 2010, Tenants filed a motion for an extension of time to respond to the Trust's motion for summary judgment and to respond to the requests for admissions. On March 18, 2010, the trial court granted the extension to respond to the motion for summary judgment, but denied the motion relating to the requests for admissions. That same day, Tenants nonetheless filed a *nunc pro tunc* response to the Trust's requests for admissions, wherein, in relevant part, they denied that Item X of the will is "merely precatory language by the Decedent, expressing only a desire or a wish on his part as opposed to a strict requirement or condition[.]" Tenants admitted that they are land lease tenants with a month-to-month lease, but qualified the admission with the statement: "I am a land lease tenant with an option to purchase my lot."

The trial court agreed with the Trust and found that Tenants' failure to timely respond to the Trust's requests for admissions resulted in their admission of all matters contained therein. It further found that the *nunc pro tunc* response to the requests for admission filed by Tenants did not serve to withdraw the admissions, as it was filed without the trial court's approval. Because Tenants had "admitted" that they were month-to-month tenants, that the will did not provide Tenants with the right of first purchase, and that they received adequate notice to vacate the property, the trial court found that there was no genuine issue of material fact and that the Trust was entitled to summary judgment as a matter of law.

Tenants filed a motion for reconsideration, wherein it argued, *inter alia*, that the requests for admissions made by the Trust were "at odds with the record and Pennsylvania law, and an inappropriate use of

that procedure." On February 2, 2011, the trial court denied Tenants' request for reconsideration.

This timely appeal follows, wherein Tenants raise the following issue for our review:

I. Whether the trial court abused its discretion by relying on defective requests for admission which were beyond the permissible scope of Pa. R.C.P. 4014, or by failing to consider the untimely filed answer to the requests which ultimately led to a granting of summary judgment where genuine issues of material fact existed?

Tenants' Brief at 4.

We review the trial court's grant of summary judgment according to the following standard:

We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

*Abrams v. Pneumo Abex Corp.*, 602 Pa. 627, 634, 981 A.2d 198, 203 (2009).

Summary judgment may be granted, in whole or in part, as a matter of law,

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2.

Rule 4014 governs requests for admissions. It permits a party to serve upon another party a written request for the admission of the truth of certain matters relating to statements or opinions of fact or the application of the law to fact. Pa. R.C.P. 4014(a). This includes questions regarding the execution, correctness, genuineness, authenticity, signing, delivery, mailing, or receipt of any document described in the request for admissions. *Id.* "The purpose of this discovery tool is to clarify and simplify the issues raised in prior pleadings in order to expedite the litigation process." *Christian v. Pennsylvania Fin. Responsibility Assigned Claims Plan*, 454 Pa.Super. 512, 686 A.2d 1, 5 (1996) (citation omitted), *appeal denied*, 548 Pa. 678, 699 A.2d 733 (1997). Unless the party responds to the request within 30 days (45 days for a defendant), the matter is deemed admitted. Pa.R.C.P. 4014(b). The trial court may extend or shorten the timeframe in which the responding party has to answer the request. *Id.*

Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. [...] [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment

will prejudice him or her in maintaining the action or defense on the merits.

Pa.R.C.P. 4014(d).

Tenants argue that the requests for admissions were "beyond the permissible scope" of Rule 4014(a), and thus should not have been considered by the trial court in ruling on the Trust's motion for summary judgment. Tenants' Brief at 11. We agree.[3]

We find instructive the decision of the Commonwealth Court in *Dwight v. Girard Med. Ctr.*, 154 Pa.Cmwlth. 326, 623 A.2d 913 (1993). In *Dwight*, a prisoner filed a complaint against the Department of Corrections ("the DOC"), the City of Philadelphia, and Girard Medical Center alleging that he was injured when he fell into a large hole in the yard of the Philadelphia County Detention Center where he was an inmate. Dwight asserted that his leg was seriously injured as a result of the fall, and this injury was ignored, mistreated, and misdiagnosed by the defendants for approximately a year.

During the discovery process, the DOC served requests for admissions on Dwight, which included, *inter alia*, "that adequate and proper medical treatment was made available to Dwight; that he received adequate and proper medical care when he permitted it to be provided; that the care given was appropriate and proper under the circumstances; and that the [DOC] was not negligent or careless in any re-

spect." *Id.* at 915, 916. Dwight failed to timely respond to the requests for admissions, and instead filed his response five months past the deadline. The DOC filed a motion for summary judgment, and based upon Dwight's "admissions," the trial court granted the motion and dismissed Dwight's complaint against the DOC.

On appeal, the Commonwealth Court reversed. Relying on Federal precedent, the Court stated:

> Withdrawal of admissions should be granted where upholding the admission would practically eliminate any presentation of the merits of the case; where withdrawal would prevent manifest injustice; and where the party who obtained the admissions failed to prove that withdrawal would result in prejudice to that party. The test of prejudice turns on whether a party opposing the withdrawal is rendered less able to obtain the evidence required to prove the matters which had been admitted.
>
> Furthermore, if the subject matter of the admissions is broad and far-reaching, a court should permit withdrawal in the absence of bad faith or substantial prejudice. Moreover, requests for admissions must call for matters of fact rather than legal opinions and conclusions. Since conclusions of law are not within the permissible scope of requests for admissions under Rule 4014, those statements in the requests for admissions which constitute conclusions of law are not properly before the court.[4]

---

3. For the first time on appeal, the Trust argues in its responsive brief that the issue of the Tenants' right of first refusal is "separate and distinct" from the issue of whether the Trust can is lawfully eject Tenants from the premises. The Trust's Brief at 9. The Trust argues that "[Tenants'] assertion of the alleged right of first purchase would only be relevant (and ripe for adjudication) if there was a pending offer to purchase the Property, to which one does not exist," and if Tenants provided consideration for the right of first refusal. *Id.* Because this issue was not raised

before the trial court in the Trust's motion for summary judgment, however, we are precluded from considering it now on appeal. *See Wagner v. Erie Ins. Co.*, 801 A.2d 1226, 1233–34 (Pa.Super.2002) *aff'd*, 577 Pa. 563, 847 A.2d 1274 (2004).

4. As noted by the Commonwealth Court in *Dwight*, Rule 4014 was revised to conform to Rule 36 of the Federal Rules of Civil Procedure. Pa.R.C.P. 4014 (1978 Explanatory Comment); *see Dwight*, 623 A.2d at 916. The Federal Rule, like the Pennsylvania Rule, prohibits requests for admissions that call for

*Id.* at 916 (footnote and citations omitted); *see also Stimmler v. Chestnut Hill Hosp.,* 602 Pa. 539, 564 n. 18, 981 A.2d 145, 160 n. 18 (2009).

The Commonwealth Court determined that the requests for admissions by the DOC were not matters of fact, but conclusions of law not within the permissible scope of Rule 4014, and thus not properly before the trial court in consideration of the motion for summary judgment. *Dwight,* 623 A.2d at 916. It further concluded that by deeming the requests admitted despite having Dwight's untimely-submitted answers to the requests, the trial court eliminated the presentation of Dwight's case against the DOC on its merits, which is in conflict with the plain language of Rule 4014 and the standards favoring the resolution of an action on its merits. *Id.* Finally, the Commonwealth Court noted that the DOC did not assert that withdrawing the admissions would cause it to be prejudiced, and the record would not support such an assertion. *Id.* As such, the Commonwealth Court found that the grant of summary judgment at that time was erroneous. *Id.*

The *Dwight* scenario is analogous to the case now before us on appeal. The law is well settled that the interpretation of the words of a will is a question of law, not a matter of fact or opinion. *See In re Barnes Found.,* 453 Pa.Super. 243, 683

A.2d 894, 898 (1996). Therefore, the requests for admissions pertaining to the interpretation of Item X of Edward Stover, Sr.'s will granting Tenants the right of first refusal as "merely precatory language by the Decedent," is a conclusion of law beyond the permissible scope of Rule 4014, and thus not properly before the trial court in its consideration of the Trust's motion for summary judgment. *See* Motion for Summary Judgment, 1/19/10, at Exhibit B ¶ 3. As such, the grant of summary judgment in this case was improper.[5]

Order reversed, case remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.

---

legal conclusions. *See* CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, RICHARD L. MARCUS, 8B FEDERAL PRACTICE & PROCEDURE § 2255, n. 7 (3d ed.2011) ("A request for an admission cannot be used to require a party to admit the truth of a legal conclusion.") (citation omitted); *Warnecke v. Scott,* 79 Fed. Appx. 5, 6 (5th Cir.2003).

5. To echo the sentiments of our Supreme Court, our holding in this case does not mean that we condone noncompliance with the Rules of Civil Procedure. *Stimmler,* 602 Pa. at 564 n. 18, 981 A.2d at 160 n. 18. "We fully acknowledge that under appropriate circum-

stances, deemed admissions may support a grant of summary judgment." *Id.* The record in this case, however, does not reflect such "appropriate circumstances." The improper request for the admission of a legal conclusion aside, because the trial court had Tenants' (untimely) response to the requests for admissions, the fact that it did not formally rule on Tenants' response, and the flexibility provided for by Rule 4014 so that a case is determined on its merits, the trial court should have permitted Tenants to withdraw the deemed admissions in ruling upon the request for an extension of time to file said responses. *See id.*