# Wells Fargo Equipment Finance, Inc. v. Knitney Lines, Inc.

C.P. of Lackawanna County, No. 11CV 3954

*Lyndsay E. Rowland*, for plaintiff.
*Eugene F. Hickey, II*, for defendants.

NEALON, *J.*, October 24, 2013—Plaintiff, Wells Fargo Equipment Finance, Inc. ("Wells Fargo"), has filed a "Motion for Summary Judgment as to Defendant, Hurlow Rowlands, Only" in this action that it has instituted against defendants, Knitney Lines, Inc. ("Knitney") and Hurlow Rowlands ("Rowlands"), asserting a breach of contract claim against Rowlands and seeking replevin relief from Knitney. Pursuant to Lacka. Co. R.C.P. 211(b) and 1035.2(a), Wells Fargo has opted to submit its motion for summary judgment on briefs and without the necessity of oral argument. By notice dated July 15, 2013, the chief deputy court administrator advised counsel for the parties, pursuant to Lacka. Co. R.C.P. 211(c), that Wells Fargo's supporting brief was to be filed by August 8, 2013, and that Rowlands' brief in opposition was to be filed "no later than August 29, 2013." (Docket entry no. 10). On July 23, 2013, Wells Fargo forwarded its supporting brief to the undersigned and Rowlands' counsel. (Docket entry no. 11). Although Rowlands has not filed an opposing brief in compliance with Local Rule 211(c) and the briefing schedule established by the chief deputy court administrator, Wells Fargo's motion for summary judgment is nonetheless ripe for disposition.[1]

According to the parties' judicial admissions contained in their pleadings, Wells Fargo is a financial institution

---

1. Local Rule 211(1) provides that if the non-moving "party fails to timely file and serve a brief, that party may be deemed not to oppose the motion or petition and may not be allowed to present oral argument." Lacka. Co. R.C.P. 211(1).

which is engaged "in the business of financing and leasing various types of equipment to commercial entities for use in their business," and in that capacity, it entered into a combination note and security agreement (the "Agreement") with Knitney on October 13, 2005. (Docket entry no.1 at ¶¶1, 4; docket entry no.4 at ¶¶1, 4). The Agreement set forth the terms and conditions for Knitney's lease of three Freightliner vehicles, including Knitney's obligation to make monthly payments of $3,782.88 to Wells Fargo for a period of sixty (60) months. (Docket entry no. 1 at ¶4, exhibit A; docket entry no.4 at ¶4). The Agreement was signed by Rowlands as the Executive Vice President of Knitney. (*Id.*, exhibit A at p. 1 of 3). In connection with that lease transaction, Rowlands also executed a personal guaranty ("the Guaranty") on October 13, 2005, in which he guaranteed Knitney's performance under the Agreement, including the timely payment of its monthly installment payments. (Docket entry no. 1 at ¶8, exhibit C; docket entry No.4 at ¶8).

On June 29, 2011, Wells Fargo commenced this action following Knitney's default on July 14, 2010, and seeks to collect the overdue monthly lease payments from Rowlands pursuant to the Guaranty and to secure the return of the leased equipment from Knitney. (Docket entry no.1 at ¶¶14, 17-22, 28-29, 36). On June 25, 2012, Wells Fargo forwarded requests for admissions to Knitney and Rowlands. (Docket entry no.6, exhibit D at p. 1). In its requests for admissions, Wells Fargo requested that Knitney and Rowlands admit, *inter alia*, that: (1) Knitney has failed to make the required monthly payments under the Agreement since July 14, 2010; (2) the Agreement states that if Knitney fails to make such a payment, Knitney's entire indebtedness under the agreement becomes due

and payable immediately; (3) the gross amounts owed by Knitney under the agreement totals $69,913.52; (4) Wells Fargo possessed a security interest in Knitney's other equipment and proceeded to sell that equipment for $33,486.00; (5) following a set off for the proceeds from the sale of that equipment, the net amount owed by Knitney under the agreement is $36,427.52; and (6) pursuant to the clear language of the guaranty, Rowlands is obligated to pay the foregoing amount which is owed to Wells Fargo by Knitney. (*Id.* at pp. 3-4, ¶¶6-12).

"Requests for Admissions pursuant to Rule 4014 are a discovery tool intended to clarify issues, expedite the litigation process, and promote a decision based on the merits." *Stimmler v. Chestnut Hill Hospital*, 602 Pa. 539, 564 n. 18, 981 A.2d 145, 160 n. 18 (2009). A party who is served with requests for admissions must respond to those requests within thirty days of their service. *See* Pa.R.C.P. 4014(b). If a party fails to timely respond to requests for admissions, the matters set forth in the requests for admissions are deemed admitted. *Estate of Borst v. Edward Stover, Sr. Testamentary Trust*, 30 A.3d 1207, 1210 (Pa. Super. 2011); *Thomas v. Elash*, 781 A.2d 170, 177 (Pa. Super. 2001). Any matter admitted under Rule 4014 "is conclusively established unless the court on motion permits withdrawal or amendment of the admission." *Estate of Borst, supra* (quoting Pa.R.C.P. 4014(b)); *Reilly v. Ernst & Young, LLP*, 929 A.2d 1193, 1199 (Pa. Super. 2007) (same).

Neither Knitney nor Rowlands has ever responded to Wells Fargo's requests for admissions that were served upon them almost sixteen months ago. By neglecting to file any answers to Wells Fargo's requests for admissions,

Knitney and Rowlands have "admitted the averments set forth therein." *Thunberg v. Strause*, 545 Pa. 607, 617 n. 5, 682 A.2d 295, 300 n. 5 (1996). "[U]nder appropriate circumstances, deemed admissions may support a grant of summary judgment." *Stimmler, supra*.

Based upon Rowlands' judicial admissions in his responsive pleading and his deemed admissions under Rule 4014(b), Wells Fargo originally filed a motion for summary judgment against Rowlands on August 22, 2012.[2] (Docket entry no. 6 at ¶¶5-8, 13). A briefing schedule was established by the chief deputy court administrator, and the motion for summary judgment was scheduled for oral argument before visiting Senior Judge Harold Kane on January 9, 2013. (Docket entry no.7). Although Wells Fargo filed a brief in support of its motion for summary judgment, (Docket entry no.6), Rowlands failed to file a brief or to appear at the scheduled argument on January 9, 2013. On January 16, 2013, Senior Judge Kane issued an order which stated:

> Now, this 16th day of January, 2013, it is hereby ordered that the defendant, Hurlow Rowlands, file a responsive brief to the Plaintiffs Motion for Summary Judgment within thirty (30) days of this Order, with a copy served on the Court. This Court will then decide the Motion on

---

2. In support of its motion for partial summary judgment, Wells Fargo has also submitted the affidavit of a Wells Fargo representative, Dennis D. Schmidt. (Docket entry no.6, exhibit E). Under the *Nanty-Glo* rule, the party moving for summary judgment may not rely upon testimonial affidavits, even if uncontradicted, to establish the non-existence of general issues of material fact, since the credibility of the testimony is always a matter for the factfinder. *DeArmitt v. New York Life Ins. Co.*, 73 A.3d 578, 595 (Pa. Super. 2013). Therefore, the affidavit of Mr. Schmidt will not be considered in addressing the merits of Wells Fargo's motion.

briefs, given the failure of the Defendant to appear at the oral argument on the Motion originally scheduled on January 9, 2013.

(Docket entry no. 8). Rowlands neglected to file a responsive brief within thirty days of January 16, 2013, and the merits of Wells Fargo's motion for summary judgment were never addressed by Senior Judge Kane.

Consequently, on June 28, 2013, Wells Fargo refiled its motion for summary judgment, supporting brief and praecipe for assignment, and on July 15, 2013, the chief deputy court administrator directed Rowlands to file his opposing brief by August 29, 2013, so that this matter could be submitted on briefs. (Docket entry no. 9). Wells Fargo maintains that by virtue of Rowlands' binding admissions, there is no dispute that Knitney owes the net sum of $36,427.52 under the Agreement and that Rowlands is contractually obligated to pay that amount to Wells Fargo pursuant to the terms of the Guaranty that he executed on October 13, 2005. (Docket entry no. 6 at ¶¶6-8). As such, Wells Fargo argues that "there is no genuine issue of any material fact in this matter," and that it is entitled to summary judgment on its breach of contract claim against Rowlands. (*Id.* at ¶13).

Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Clausi v. Stuck*, 74 A.3d 242, 247-248 (Pa. Super. 2013). The party seeking summary judgment bears the burden of proving the absence of a genuine issue of fact and the movant's entitlement to judgment as a matter of law, *Stimmler*, 602 Pa. at 554, 981 A.2d at 154, and in making that determination, the record must be viewed in

the light most favorable to the nonmoving party, with all doubts as to the existence of a genuine issue of material fact being resolved against the movant. *Kinney-Lindstrom v. Medical Care Availability and Reduction of Error Fund*, 73 A.3d 543, 551 (Pa. 2013); *Sovereign Bank v. Gawron*, 13 Pa. D. & C. 5th 71, 77 (Lacka. Co. 2010). Summary judgment is appropriate "where the right to such judgment is clear and free from all doubt." *Lynn v. Nationwide Insurance Company*, 70 A.3d 814, 818 (Pa. Super. 2013) (quoting *Toy v. Metropolitan Life Insurance Company*, 593 Pa. 20, 34, 928 A.2d 186, 195 (2007)).

Once a properly supported motion for summary judgment is made, the nonmoving party cannot simply rest upon the allegations or denials in its pleadings, and instead must demonstrate facts in dispute. *George Stash & Sons v. New Holland Credit Co., LLC*, 905 A.2d 541, 542-543 (Pa. Super. 2006), *app. denied*, 591 Pa. 665, 916 A.2d 633 (2007); *Merlino v. Delaware County*, 711 A.2d 1100, 1107 n. 4 (Pa. Cmwlth. 1998). Rule 1035.3 expressly states that "the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion...." Pa.R.C.P. 1035.3(a). "Additionally, Rules 1035.2 and 1035.3 of the Pennsylvania Rules of Civil Procedure place a duty upon the non-moving party to respond to a motion for summary judgment." *Devine v. Hutt*, 863 A.2d 1160, 1169 (Pa. Super. 2004). Rule 1035.3(d) specifically provides that "[s]ummary judgment may be entered against a party who does not respond." Pa.R.C.P. 1035.3(d). Thus, in the absence of a timely response to a motion for summary judgment, a court may enter judgment in favor of the moving party, but is not required to do so. *See Devine, supra*; *Com. ex rel. Fisher v. Jash Intern., Inc.*, 847 A.2d

125, 130 (Pa. Cmwlth. 2004); *Thomas*, 781 A.2d at 177.

Wells Fargo seeks summary judgment with respect to its breach of contract claim against Rowlands. Guaranty contracts are subject to the same rules of interpretation as other contracts, and are enforceable based upon contract principles. *See Meeting House Lane, Ltd. v. Melso*, 427 Pa. Super. 118, 125, 628 A.2d 854, 857 (1993), *app. denied*, 537 Pa. 633, 642 A.2d 486 (1994). To recover for breach of contract, Wells Fargo must establish: (1) the existence of a contract with Rowlands, including its essential terms; (2) Rowlands' nonperformance of a duty imposed by the contract; and (3) resultant damages to Wells Fargo. *McCausland v. Wagner*, 2013 WL 5296824, at * 6 (Pa. Super. 2013); *Busy Bee, Inc. v. Wachovia Bank, N.A.*, 2006 WL 723487, at * 26 (Lacka. Co. 2006), *aff'd*, 932 A.2d 248 (Pa. Super. 2007), *app. denied*, 598 Pa. 778, 959 A.2d 318 (2008). As a result of Rowlands' failure to file any response to Wells Fargo's requests for admissions or its motion for summary judgment, it is conclusively established under Pa.R.C.P. Nos. 4014(b) and 1035(a) that a guaranty contract existed between the parties which obligated Rowlands to pay all sums owed by Knitney under the combination note and security agreement in the event of Knitney's default, that Rowlands is contractually bound to pay the net sum of $36,427.52 to Wells Fargo under the guaranty contract, that Rowlands has failed to pay that amount which is owed to Wells Fargo, and that Wells Fargo has sustained $36,427.52 in damages as a result of Rowlands' breach of the guaranty contract.

Rowlands has failed to file any answers to Wells Fargo's requests for admissions that were served upon Rowlands almost sixteen months ago, notwithstanding

the requirement in Rule 4014(b) that the requests for admissions be answered within thirty days of service. Rowlands ignored the court notice dated November 14, 2012, directing him to file his opposing brief by December 27, 2012, and to appear for oral argument before Senior Judge Kane on January 9, 2013. Even after Senior Judge Kane graciously afforded Rowlands an additional thirty days to submit his brief, Rowlands defied that order dated January 16, 2013. Rowlands also failed to comply with the subsequent court notice of July 15, 2013, directing him to file his opposing brief by August 29, 2013. His repeated disregard for court directives and deadlines will not be countenanced, and to the contrary, will be treated as a lack of opposition to the entry of judgment against him in the amount of $36,427.52, plus interest. *See* Pa.R.C.P. 1035.3(d); Lacka. Co. R.C.P. 211(f).

And now, this 24th day of October, 2013, upon consideration of "Plaintiff's Motion for Summary Judgment as to Defendant, Hurlow Rowlands, Only," and the exhibits and memorandum of law submitted by plaintiff, and in light of the lack of any opposition thereto by defendant, Hurlow Rowlands, and based upon the reasoning set forth above, it is hereby ordered and decreed that:

1. Plaintiff's Motion for Summary as to Defendant, Hurlow Rowlands, Only is granted; and

2. Judgment is entered in favor of plaintiff, Wells Fargo Equipment Finance, Inc., and against defendant, Hurlow Rowlands, in the amount of $36,427.50, plus interest, based upon the breach of contract claim set forth in count I of the complaint.