J. S76010/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TAPCO EUROPE LIMITED | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RED SQUARE CORPORATION, | : | |
| NOMAD BRANDS, INC., AND | : | |
| MICHAEL KWADRAT | : | |
| | : | |
| APPEAL OF:  RED SQUARE | : | |
| CORPORATION, | : | No. 497 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered March 20, 2014,
in the Court of Common Pleas of Allegheny County
Civil Division at No. G.D. No. 13-21308

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA AND OLSON, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 17, 2015**

Red Square Corporation appeals from the order of March 20, 2014, granting plaintiff/appellee, Tapco Europe Limited's ("Tapco") motion for judgment on admissions and denying Red Square's motion to withdraw admissions.  We affirm.[1]

Tapco sells building materials to Red Square.  According to the complaint, Red Square accepted shipment of goods in March and April 2013

---

[1] On March 21, 2014, Tapco discontinued the case as to defendants Nomad Brands, Inc. and Michael Kwadrat.  Therefore, the order entering judgment upon admissions against Red Square became a final order disposing of all claims and parties and is appealable.  Pa.R.A.P. 341(b).

but failed to pay the invoices, totaling $155,011. Tapco filed a complaint on November 7, 2013, and served Red Square and the other named defendants with its first request for admissions on November 13, 2013. Red Square failed to respond, and on March 9, 2014, Tapco filed a motion to enter judgment upon admissions. Following a hearing, the Honorable Judith L.A. Friedman granted the motion on March 20, 2014. Red Square filed a motion for reconsideration on March 25, 2014, and notice of appeal on March 28, 2014. Attached to Red Square's motion for reconsideration were its proposed responses to Tapco's request for admissions. Following a hearing on April 22, 2014, Red Square's motion for reconsideration was denied. Red Square complied with Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., and the trial court has filed an opinion.

Red Square has raised the following issue for this court's review:

> I.    Whether the trial court erred as a matter of law or abused its discretion by denying Appellant's Motion to Withdraw Admissions under Pa.R.Civ.P. 4014(d)[?]

Red Square's brief at 4.

> Rule 4014 governs requests for admissions. It permits a party to serve upon another party a written request for the admission of the truth of certain matters relating to statements or opinions of fact or the application of the law to fact. Pa.R.C.P. 4014(a). This includes questions regarding the execution, correctness, genuineness, authenticity, signing, delivery, mailing, or receipt of any document described in the request for admissions. *Id.* "The purpose of this discovery tool is to clarify and simplify the issues raised in prior

pleadings in order to expedite the litigation process." ***Christian v. Pennsylvania Fin. Responsibility Assigned Claims Plan***, 454 Pa.Super. 512, 686 A.2d 1, 5 (1996) (citation omitted), ***appeal denied***, 548 Pa. 678, 699 A.2d 733 (1997). Unless the party responds to the request within 30 days (45 days for a defendant), the matter is deemed admitted. Pa.R.C.P. 4014(b). The trial court may extend or shorten the timeframe in which the responding party has to answer the request. ***Id.***

***Estate of Borst v. Edward Stover Sr. Testamentary Trust***, 30 A.3d 1207, 1210 (Pa.Super. 2011).

Rule 4014 provides, in its entirety, as follows:

**Rule 4014. Request for Admission**

(a) A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rules 4003.1 through 4003.5 inclusive set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness, authenticity, correctness, execution, signing, delivery, mailing or receipt of any document described in the request. Copies of documents shall be served with the request unless they have been or are otherwise furnished or available for inspection and copying in the county. The request may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the original process upon that party.

Note: This Subdivision has been amended so that its content will conform more closely to the content of the first sentence of F.R.Civ.P. 36(a).

(b) Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission an answer verified by the party or an objection, signed by the party or by the party's attorney; but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of forty-five days after service of the original process upon him or her. If objection is made, the reasons therefor shall be stated. The answer shall admit or deny the matter or set forth in detail the reasons why the answering party cannot truthfully do so. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify the answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the answering party states that he or she has made reasonable inquiry and that the information known or readily obtainable by him or her is insufficient to enable him or her to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request. That party may, subject to the provisions of Rule 4019(d), deny the matter or set forth reasons why he or she cannot admit or deny it.

Note: The requirements of an answer are governed by this rule and not by Rule 1029(b).

(c)    The party who has requested the admission may move to determine the sufficiency of the answer or objection.  Unless the court determines that an objection is justified, it shall order that an answer be served.  If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served.  The court may, in lieu of these orders, determine that final disposition of the request be made at a pre-trial conference or at a designated time prior to trial.

(d)    Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.  Subject to the provisions of Rule 212.3 governing pre-trial conferences, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him or her in maintaining the action or defense on the merits.  Any admission by a party under this rule is for the purpose of the pending action only and is not an admission by the party for any other purpose nor may it be used against the party in any other proceeding.

Pa.R.C.P., Rule 4014, 42 Pa.C.S.A.

A party on whom requests for admissions of fact are served runs the risk that the facts as set forth in the request for admissions will be conclusively binding on him if he chooses not to file an answer to the request for admissions or file objections to the request.

***Innovate, Inc. v. United Parcel Service, Inc.***, 418 A.2d 720, 723

(Pa.Super. 1980).  "The rule clearly states that the party receiving the

request must respond by answering or objecting." ***Richard T. Byrnes Co.,***

***Inc. v. Buss Automation***, ***Inc.***, 609 A.2d 1360, 1367 (Pa.Super. 1992).

> Withdrawal of admissions should be granted where upholding the admission would practically eliminate any presentation of the merits of the case; where withdrawal would prevent manifest injustice; and where the party who obtained the admissions failed to prove that withdrawal would result in prejudice to that party. ***Westmoreland v. Triumph Motorcycle Corp.***, 71 F.R.D. 192 (D.Conn.1976). The test of prejudice turns on whether a party opposing the withdrawal is rendered less able to obtain the evidence required to prove the matters which had been admitted. ***Teleprompter of Erie, Inc. v. City of Erie***, 567 F.Supp. 1277 (W.D.Pa.1983); ***Rabil v. Swafford***, 128 F.R.D. 1 (D.D.C.1989).

***Dwight v. Girard Medical Center***, 623 A.2d 913, 916 (Pa.Cmwlth. 1993)

(footnote omitted).

> Furthermore, if the subject matter of the admissions is broad and far-reaching, a court should permit withdrawal in the absence of bad faith or substantial prejudice. ***Teleprompter of Erie, Inc.; Szatanek v. McDonnell Douglas Corp.***, 109 F.R.D. 37 (W.D.N.Y.1985). Moreover, requests for admissions must call for matters of fact rather than legal opinions and conclusions. ***California v. The Jules Fribourg***, 19 F.R.D. 432 (N.D.Cal.1955). Since conclusions of law are not within the permissible scope of requests for admissions under Rule 4014, those statements in the requests for admissions which constitute conclusions of law are not properly before the court. ***Commonwealth v. Diamond Shamrock Chemical Co.***, 38 Pa.Commonwealth Ct. 89, 391 A.2d 1333 (1978).

***Id.***

The record reflects that Red Square was properly served with both the complaint and the request for admissions, yet failed to file an answer or objections as required by the rule. Under Rule 4014(b), Red Square had 45 days to respond. Tapco waited approximately four months before filing its motion to enter judgment upon admissions.

It is clear from Michael Kwadrat's ("Kwadrat") deposition that he was served with the request for admissions but failed to turn it over to his attorney. (Kwadrat deposition, 2/11/14 at 48-49, 51-52.) Kwadrat testified that he travels frequently and the request for admissions likely sat unopened in his office along with other mail. (*Id.* at 17, 51.)[2] Kwadrat testified to receiving a "ream of documents." (*Id.* at 41.) As the trial court states, "The deposition of Mr. Kwadrat made it clear that he received the Request for Admissions and sat on it." (Trial court opinion, 8/6/14 at 2.) While Judge Friedman did not find that Kwadrat acted in bad faith, he was at least negligent in failing to forward the documents to counsel:

> No. Bad faith doesn't matter. What I'm saying is your client did, in fact, by his own admission, I didn't say this, at his deposition. He says he got a document. There was one thing sent to him. So whatever he did with it, I don't know. And you don't know. Your client maybe forgot what he did with it. But he got it. Okay. It was received. And the rule is pretty clear.

---

[2] Kwadrat is the president, as well as the sole officer and shareholder, of Red Square. (*Id.* at 6.) Kwadrat is also the sole shareholder, officer, and director of Nomad Brands, Inc. (*Id.* at 46.)

Notes of testimony, 4/22/14 at 30.

More importantly, when Red Square finally submitted proposed responses to Tapco's request for admissions, attached to its motion for reconsideration, it admitted that the goods identified on the invoices were delivered, received, and accepted. Red Square also admitted in part that the invoices remained unpaid in the amounts stated, responding with regard to each invoice: "It is admitted that there is an unpaid invoice. Defendants deny any obligation to pay said invoice."

In response to requests 4 and 5, which state, "Kindly admit that you never disputed your obligation to pay the attached invoices," and "Kindly admit that you never disputed the accuracy of the attached invoices," Red Square responds:

> Defendant Red Square has been in ongoing discussions with Plaintiff about Plaintiff's malfeasance, breach of contract and damage done to Defendant Red Square['s] business. Said breach and repudiation prior to the shipped orders and subsequent dispute with Plaintiff's counsel as to Defendant Red Square's obligation as well as Plaintiff's obligation have been the source of dispute since early 2013.

Red Square does not elaborate or explain why, if there was an anticipatory breach, it accepted the goods.

Rule 4014(b) states,

> The answer shall admit or deny the matter or set forth in detail the reasons why the answering party cannot truthfully do so. A denial shall fairly meet the substance of the requested admission, and when

> good faith requires that a party qualify the answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.

Red Square's general, non-specific denial of any obligation to pay the invoices is insufficient. It not only lacks detail, but Red Square <u>admits</u> that (1) the ordered goods were delivered, received, and accepted; and (2) the invoices remain unpaid in the amounts stated in the complaint. Therefore, even if the trial court were to permit Red Square's proposed responses, they are mostly admissions. Red Square admits receiving and accepting all goods delivered by Tapco, as stated on the invoices. Furthermore, as the trial court remarks, "Red Square also implicitly admits the balances due on the various invoices by failing to state *why* it has no obligation to pay each invoice. These general denials violate Rule 4014(b) which states in pertinent part 'A denial shall fairly meet the substance of the requested admission.'" (Trial court opinion, 8/6/14 at 2-3 (emphasis in original).)

Additionally, we agree with the trial court that Red Square's unsupported and vague allegations of malfeasance and breach of contract are inadequate to "meet the substance" of the requested admissions. (***Id.*** at 3.) Red Square does not specify how Tapco was in breach of contract, or how its alleged malfeasance caused damage to Red Square's business. Notably, Red Square alleged there had been an ongoing dispute since early 2013, yet it was still unable to articulate the nature of the dispute more than a year later. As the trial court observes,

> These virtually identical responses leave the neutral reader without a clue as to what Red Square is talking about. The alleged malfeasance is not specified; the alleged breach by Plaintiff is not specified; the alleged damage to Red Square's business is not specified; the alleged repudiation is not only unspecified, it appears out of thin air.

*Id.*

Red Square was properly served with Tapco's request for admissions, yet "sat on it" for over four months. Red Square did not submit any proposed responses to Tapco's request until March 25, 2014, when it filed a motion for reconsideration of the order entering judgment. Even then, its proposed responses are mostly either admissions or vague, general denials and unspecified allegations. We agree with the trial court that Tapco has been substantially prejudiced by Red Square's dilatory conduct. (*Id.* at 3-4.) The trial court did not abuse its discretion in refusing to permit Red Square to withdraw its admissions and file an answer.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/2015