J-S24031-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| NORTHEASTERN REHABILITATION AND PAIN MANAGEMENT CENTER, P.C., | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellant | : | |
| v. | : | |
| DSP I, P.C., | : | |
| Appellee | : | No. 208 EDA 2020 |

Appeal from the Order Entered December 10, 2019
in the Court of Common Pleas of Monroe County
Civil Division at No(s): No. 3504-CV-2018

BEFORE:   BENDER P.J.E., STABILE, J. and STRASSBURGER, J.[*]

MEMORANDUM BY STRASSBURGER, J.:            **FILED AUGUST 07, 2020**

Northeastern Rehabilitation and Pain Management Center, P.C. (Northeastern) appeals from the December 10, 2019 order entered in the Court of Common Pleas of Monroe County, which granted summary judgment in favor of and awarded attorneys' fees to DSP I, P.C. (DSP). We affirm.

The record reveals the following facts. On or about April 24, 2015, Northeastern and DSP entered into an agreement (Agreement) wherein DSP agreed to purchase certain assets from Northeastern. The closing date listed in the Agreement was May 8, 2015. Agreement, 4/24/2015, at 14. Section

_____

[*] Retired Senior Judge assigned to the Superior Court.

1.06 of the Agreement provided for additional compensation in the form of earn-out payments. *Id.* at 5-6. Specifically, Northeastern would be entitled to earn-out payments equal to 20 percent of the gross revenue if DSP collected gross revenue in excess of three million dollars during the Calculation Period[1] within the larger Earn-out Period.[2] *Id.* at 6. Subsection 1.06(c) of the Agreement specifies the time and method of calculation to determine whether an earn-out payment is due for a particular Calculation Period. *Id.* The method provided DSP 120 days following each Calculation Period to determine whether an earn-out payment was due for that particular Calculation Period, and prepare and deliver to Northeastern a written statement (Earn-out Calculation Statement) setting forth its determination of any sums due. *Id.* In addition, Subsection 1.06(c) granted Northeastern access to inspect DSP's books and records as necessary to allow Northeastern to verify DSP's calculations. *Id.* Northeastern was permitted to provide DSP with written notice of any

---

[1] The Calculation Period was a one-year period beginning on the closing date of the Agreement and ending on the first anniversary thereof (5/8/2015-5/8/2016), with the next Calculation Period beginning on the first anniversary and ending on the second anniversary (5/8/2016-5/8/2017), and so forth. Gross revenue for dates of service occurring during the Calculation Period, but collected the three-months following the Calculation Period, are included in the amount of DSP's collected gross revenue when determining the amount for the Calculation Period.

[2] The Earn-out Period is the period beginning on the closing date of the agreement (5/8/2015) and ending on the date that is three years and three months following (8/8/2018).

objections to DSP's Earn-out Calculation Statement. **Id.** If that event occurred, Subsection 1.06(c) required the parties to "cooperate to resolve the issues amicably. If the parties are unable to resolve the disputed issues amicably, the parties shall appoint an independent accountant to resolve such issues. The cost of such accountant shall be borne equally by the parties." **Id.**

On July 24, 2017, DSP sent the following email to a representative of Northeastern.

> Today by certified mail with return receipt requested I have mail[ed] you a check. As far as any money due to you based on our gross income after end of first year as well as after second year then there is none, however you or your accountant can contact our accountant and he will be able to provide our tax returns and in fact I am also sending him this email.

DSP's Email, 7/24/2017.

Northeastern did not provide DSP with written notice of any objections to DSP's Earn-out Calculation Statement, but instead proceeded to file a complaint against DSP for an accounting on May 11, 2018. On June 7, 2018, DSP filed an answer and new matter denying Northeastern's claims, and raising a counterclaim. The counterclaim was for attorneys' fees, pursuant to Sections 7.01 and 7.02 of the Agreement[3], based upon

---

[3]   **Section 7.01 Survival.** All representations, warranties, covenants and agreements contained herein and all related rights to indemnifications shall survive the Closing for a period of three (3) years.

*(Footnote Continued Next Page)*

Northeastern's breach of the Agreement by not following the prescribed dispute resolution procedures outlined in Subsection 1.06(c).

On July 26, 2018, Northeastern filed a reply to DSP's new matter and counterclaim. On April 16, 2019, DSP directed to Northeastern discovery requests, including a request for admissions. Northeastern did not respond to the discovery requests including the request for admissions within the requisite 30-day time period, and did not thereafter file a motion for allowance to answer the request for admissions *nunc pro tunc*.

*(Footnote Continued)* —————————

**Section 7.02 Indemnification By Seller.** Subject to the other terms and conditions of this Article VII, Seller Parties shall jointly defend; indemnify and hold harmless Buyer, its affiliates and their respective stockholders, directors, officers, heirs, agents and employees from and against all claims, judgments, damages, liabilities, settlements, losses, costs and expenses, including attorneys' fees and disbursements, arising from or relating to:

> (a) any inaccuracy in or breach of any of the representations or warranties of Seller Parties contained in this Agreement or any document to be delivered hereunder;
>
> (b) any breach or non-fulfillment of any covenant, agreement or obligation to be performed by Seller Parties pursuant to this Agreement or any document to be delivered hereunder; or
>
> (c) any Excluded Asset or Retained Liability.

Agreement, 4/24/2015, at 17-18.

On June 10, 2019, DSP filed a motion for summary judgment, averring that Northeastern breached the Agreement by failing to follow the dispute resolution procedures, which therefore results in an award of attorneys' fees to DSP for defending the suit brought by Northeastern. Further, DSP's motion for summary judgment stated that Northeastern failed to respond to its requests for discovery and admissions, and therefore the matters therein are admitted. DSP's Motion for Summary Judgment, 6/10/2019, at 5-9. On July 8, 2019, Northeastern filed an answer and new matter, admitting that it failed to respond to DSP's requests, but denied that the Agreement provided for attorneys' fees. Additionally, Northeastern explained it did not respond to the requests because it attempted to resolve the matter by having both parties discontinue their respective claims. Northeastern alleges that DSP responded that it would only discontinue its claim if Northeastern paid for its attorneys' fees.

The trial court deemed the facts in DSP's request for admissions to have been conclusively established pursuant to Pa.R.C.P. 4014, summarizing and noting the following admissions as significant.

> 1) That [Northeastern] never sent [DSP] a written request to inspect [DSP]'s books or records.
>
> 2) That at no time did [DSP] refuse [Northeastern] access to their books or records.
>
> 3) That [Subs]ection 1.06(c) of the [Agreement] requires that the parties work amicably to resolve any disputes as to money due or to resolve any disputes through the appointment of an independent accountant.

4) That [Northeastern], by not following the dispute resolution steps in [Subs]ection 1.06(c), materially breached the [Agreement].

5) That the [Agreement] provides that if [Northeastern] breaches the [Agreement] that [Northeastern] will indemnify [DSP] for [DSP]'s costs and reasonable attorney's fees as are required to remedy and/or address such breach by [Northeastern]

Trial Court Opinion, 12/10/2019, at 9. The trial court concluded the foregoing admissions conclusively established DSP's counterclaim for attorneys' fees. *Id.* at 9. On December 10, 2019, the trial court entered an order granting summary judgment in favor of and awarding attorneys' fees to DSP.

Northeastern timely filed a notice of appeal. The trial court directed Northeastern to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Northeastern timely complied. Northeastern's statement, in its entirety, consisted of the following claim of error.

That the [t]rial [c]ourt erred and abused its discretion in awarding attorney's fees to [DSP], since there was no basis in law or fact therefor.

Northeastern's Rule 1925(b) Statement, 1/9/2019, at 1 (unpaginated). The trial court filed a Rule 1925(a) opinion, which urged us to find waiver because it believed Northeastern's issue presented in its concise statement was vague and overbroad. Rule 1925(a) Opinion, 1/17/2020, at 1-2.

Additionally, in the event this Court did not find waiver, the trial court referred us to its December 10, 2019 opinion. *Id.* at 3.

Northeastern raises the following issue on appeal.

Whether the trial court erred, as a matter of law and abused its discretion in awarding attorney's fees to [DSP] based upon a breach of contract?

Northeastern's Brief at 4 (suggested answer omitted).

Preliminarily, we address whether Northeastern has waived its sole issue for appeal based upon a deficient concise statement. Timely filing of a response to a trial court's Rule 1925(b) order is not enough to preserve issues for appeal. *Jiricko v. Geico Ins. Co.*, 947 A.2d 206, 210 (Pa. Super. 2008). Rule 1925 requires an appellant to "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). "Issues ... not raised in accordance with the provisions of (b)(4) are waived." Pa.R.A.P. 1925(b)(vii). "[A c]oncise [s]tatement which is too vague to allow the courts to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all." *Commonwealth v. Dowling*, 778 A.2d 683, 686-87 (Pa. Super. 2001). In accordance with the Offical Note to Rule 1925, this Court has warned, however, that trial courts should guard "against being too quick to find waiver, claiming that Rule 1925(b) statements are either too vague or not specific enough." *Astorino v. New*

***Jersey Transit Corp.***, 912 A.2d 308, 309 (Pa. Super. 2006); ***see also*** Pa.R.A.P. 1925, Official Note Subparagraph (b)(4).

In the instant case, Northeastern's concise statement would have been more useful if it had elaborated upon how the trial court erred, and we do not condone the brevity in which Northeastern presented its issue. Nonetheless, in our view, because the award of attorneys' fees is a narrow issue, the trial court was sufficiently informed so as to identify and address the issue in its opinion. Accordingly, we decline to deem this issue waived, and instead turn to the merits.

In reviewing an appeal from the trial court's grant of a motion for summary judgment, we are governed by the following.

> Our scope of review of summary judgment orders is plenary. We apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law will summary judgment be entered.
>
> Motions for summary judgment necessarily and directly implicate the plaintiffs' proof of the elements of their cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Thus a record that supports summary judgment will either (1) show the material facts are undisputed or (2) contain insufficient evidence of facts to make out a *prima facie* cause of action or defense and,

- 8 -

therefore, there is no issue to be submitted to the jury. Upon appellate review we are not bound by the trial court's conclusions of law, but may reach our own conclusions. The appellate [c]ourt may disturb the trial court's order only upon an error of law or an abuse of discretion.

***Collins v. Philadelphia Suburban Dev. Corp.***, 179 A.3d 69, 73 (Pa. Super. 2018) (citation, original brackets, and ellipses omitted).

Regarding a challenge to the award of attorneys' fees, "we will not disturb a trial court's determination[] absent an abuse of discretion. A trial court has abused its discretion if it failed to follow proper legal procedures or misapplied the law." ***Kessock v. Conestoga Title Ins. Co.***, 194 A.3d 1046, 1059 (Pa. Super. 2018) (citations omitted). Pennsylvania subscribes to the "American Rule," which provides that a litigant is responsible for the payment of his or her own attorneys' fees "unless there is express statutory authorization, a clear agreement of the parties or some other established exception." ***Mosaica Acad. Charter Sch. v. Commonwealth***, 813 A.2d 813, 822 (Pa. 2002); ***see also Doctor's Choice Physical Med. & Rehab. Ctr., P.C. v. Travelers Pers. Ins. Co.***, 128 A.3d 1183, 1189 (Pa. 2015).

Northeastern first argues that the request for admission upon which the trial court relied to award attorneys' fees to Northeastern actually sought a conclusion of law, and therefore, would not constitute an admission pursuant to Pa.R.C.P. 4014. Northeastern's Brief at 8, 12. Northeastern specifically argues the request for admission that Subsection 7.02(b) of the Agreement provides for attorneys' fees "cannot be deemed admitted, since it

requests a legal interpretation of the language of a contract, and the scope and extent of that language." *Id.* at 12.

This Court has explained the following regarding requests for admissions under Pa.R.C.P. 4014.

> [Rule 4014] permits a party to serve upon another party a written request for the admission of the truth of certain matters relating to statements or opinions of fact or the application of the law to fact. Pa.R.C.P. 4014(a). This includes questions regarding the execution, correctness, genuineness, authenticity, signing, delivery, mailing, or receipt of any document described in the request for admissions. *Id.* "The purpose of this discovery tool is to clarify and simplify the issues raised in prior pleadings in order to expedite the litigation process." *Christian v. Pennsylvania Fin. Responsibility Assigned Claims Plan*, [] 686 A.2d 1, 5 (Pa. Super. 1996) (citation omitted)[]. Unless the party responds to the request within 30 days (45 days for a defendant), the matter is deemed admitted. Pa.R.C.P. 4014(b).

*Estate of Borst v. Edward Stover Sr. Testamentary Trust*, 30 A.3d 1207, 1210 (Pa. Super. 2011). "Conclusions of law are not within the permissible scope of requests for admissions; requests must call for matters of fact rather than legal opinions and conclusions." *Christian*, 686 A.2d at 5. "Any matter admitted under [Pa.R.C.P. 4014] is conclusively established unless the court on motions permits withdrawal or amendment of the admission." Pa.R.C.P. 4014(d).

In the instant case, the trial court opined that its award of attorneys' fees was based on "[Northeastern's] admi[ssion] that the [Agreement] provides for costs and reasonable attorney's fees in the event that one of the parties breached the [Agreement]." Trial Court Opinion, 12/10/2019, at 9-

10. Thus, it is apparent that the trial court relied on its admission that Subsection 7.02(b) of the Agreement provides that Northeastern indemnify DSP's costs of attorneys' fees to remedy any breaches by Northeastern when rendering this decision. However, we cannot agree with Northeastern that this admission calls for a legal conclusion, but rather we conclude it is more aptly characterized as a mere reading of the plain language of the agreement. Therefore, it was proper for the trial court to admit and rely on the plain language of Section 7.02 to award DSP attorneys' fees.

Based on the plain language of the Agreement and admissions of fact, we affirm the award of attorneys' fees. The fundamental rule in construing a contract is to ascertain and give effect to the intention of the parties. *Lower Frederick Township v. Clemmer*, 43 A.2d 502 (Pa. 1988). The intention of the parties must be ascertained from the document itself, if its terms are clear and unambiguous. *Hutchison v. Sunbeam Coal Corp.*, 519 A.2d 385 (Pa. 1986). Further, it is well-settled that

> the intent of the parties to a written contract is to be regarded as being embodied in the writing itself, and when the words are clear and unambiguous the intent is to be discovered only from the express language of the agreement. As this Court [has] stated…, [w]hen a written contract is clear and unequivocal, its meaning must be determined by its contents alone. It speaks for itself and a meaning cannot be given to it other than that expressed. Where the intention of the parties is clear, there is no need to resort to extrinsic aids or evidence. Hence, where language is clear and unambiguous, the focus of interpretation is upon the terms of the agreement as manifestly expressed, rather than as, perhaps, silently intended.

*Steuart v. McChesney*, 444 A.2d 659, 661 (Pa. 1982) (citations omitted).

- 11 -

Instantly, Section 7.02 of the Agreement requires Northeastern to indemnify DSP for "costs and expenses, **including attorneys' fees** ... arising from or relating to: ... (b) **any breach** or non-fulfillment **of any covenant, agreement or obligation to be performed by [Northeastern] pursuant to this Agreement** or any document to be delivered hereunder." Agreement, 4/24/2015, at 18 (emphasis added). The above-quoted language is unequivocal: the Agreement provided for attorneys' fees to DSP if Northeastern breached the agreement. Further, a review of the request for admissions of fact reveals that Northeastern filed its complaint for accounting, bypassing the dispute resolution procedures required by Subsection 1.06(c) of the Agreement. Therefore, based on the admissions of fact that establish Northeastern breached the Agreement, and the plain language of the Agreement, Northeastern is required to pay attorneys' fees to DSP.[4]

_____

[4] Northeastern argues in two paragraphs that the Agreement did not clearly provide for an award of attorneys' fees for post-closing non-performance. Northeastern's Brief at 13. Northeastern explains Section 1.06 "provided for post-closing contingent performance based upon a future event," and Section 7.02 only provided for attorneys' fees "up to the time of settlement or closing." ***Id.***

Here, the Agreement provides for attorneys' fees based upon any breach or non-fulfillment sans a temporal mention. The lack of support for this argument, coupled with our plain reading of the Agreement, compels our conclusion that this argument lacks merit.

Based upon the foregoing, we affirm the trial court's award of attorneys' fees to DSP as set forth in the court's December 10, 2019 order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/20